CORNELIA DODGE, Appellant, vs. RALPH MANNING, HARMA-
NUS BECKER, and ALEXANDER BOYD, Respondents.

A testator by his will, made in 1804, gave all his real and personal estate to his
wife during her life, and after her death to his grandson. To his grand-
daughter he gave a legacy, to be paid by his grandson, "out of the estate, in
one year after he should become of age. The grandson became of age in
1820, but the widow's life estate did not terminate until 1832; held, that the
legacy was not payable until the latter period, and therefore that a bill filed soon
afterwards, to recover the legacy, was not liable to a presumption of payment
from lapse of time.

The grandson, in 1826, mortgaged the real estate which he took under the will
and portions of it were purchased by the respondents, with notice of the .ega
cy, at a sale upon the foreclosure of the mortgage. Upon bill filed by the legatee
against the respondents and the grandson, further held, that the grandson, by
accepting the estate, became personally liable for the legacy, that the legacy
was an equitable charge upon the real estate, but that the respondents should
not be charged in respect to the real estate in their hands, except in case of a
deficiency after the remedy should be exhausted against the grandson.

Appeal from Chancery. The appellant filed her bill before
the Vice Chancellor of the Fourth Circuit, against the re-
spondents and John B. Borst, in which the case was stated in
substance as follows: John I. Becker, of Middleburgh, Scho-
harie county, died in or about the year 1804, having first
made his last will and testament, by which, after devising
twenty acres of land to his daughter Caty, the wife of Michael
Borst, he gave all the residue of his estate, real and personal,
to his wife Cornelia during her life, and after her death to the
defendant, John B. Borst, who was his grand-son, if he should
arrive at the age of twenty-one years. To his grand-daughter
Cornelia, the appellant, he gave a legacy of two hundred and
fifty dollars, to be paid out of his estate by his said grand-
son, John B. Borst, in one year after he should arrive at the
age of twenty-one. If John B. Borst should not arrive at
the age of twenty-one, then the estate was, by the will, given
over to Peter Borst, who was in that case directed to pay the
legacy out of the estate. Other legacies were also given by
the will to the testator's other grand-children, with the same

direction as to their payment. The testator's wife Cornelia, and two other persons, were appointed executors. John B. Borst became of age in 1820, and Cornelia, the testator's widow, died in 1832. In the year 1826, John B. Borst executed a mortgage upon the real estate so devised to him, to George Maxwell, to secure the payment of $6,000. In July, 1834, this mortgage having been foreclosed in Chancery, the premises covered by it were sold by a master, under the decree, in separate parcels, and the respondents and J. B. Borst became the purchasers separately, subject to the payment of the legacy to the appellant, and entered into possession of the premises respectively purchased by them. The prayer of the bill was, that the defendants, or such of them as ought to do so, might be decreed to pay the legacy and interest, and if necessary, that the premises in their possession might be sold, &c., and for general relief.

The defendant, John B. Borst, answered separately admitting the facts charged in the bill.

The respondents answered, admitting that the legacy was mentioned as a charge upon the land at the time they purchased, but denying that they purchased in any manner subject to the legacy, averring also that the mortgage under which they purchased was not subject to the legacy, and that the sale under the decree was absolute. They also alleged that the legacy had been paid, and if not, they insisted that John B. Borst, by accepting the devise, became personally liable therefor, and that it was an equitable lien upon so much of the premises as was owned by him. The answer also set up, that the testator left personal estate to an amount sufficient to pay the legacies. A replication was filed to the respondents' answer, and proof was taken, which is not necessary to be stated further than that it related to the allegation of payment, and to what was said about the legacy at the time the defendants purchased at the master's sale, and that it tended to show that the personal property left by the testator was sufficient to pay all the legacies.

The Vice Chancellor, on the pleadings and proofs, made a

decree declaring that the legacy was a charge on the real estate purchased by the defendants respectively, that the complainant was entitled to recover the same, and directing a reference to compute the amount and apportion the same among the defendants according to their respective bids, &c. The respondents appealed to the Chancellor, who reversed the decree of the Vice Chancellor, and directed the bill to be dismissed as to them, with costs, upon the ground principally, that from the evidence in connection with the lapse of time, it appeared satisfactorily to him that the legacy had been paid. He however made a decree against the defendant, John B. Borst, for the payment of the legacy and costs of suit, and charged the portion of the premises owned by him with such payment.    The complainant appealed to this Court.

*N. Hill, Jr.*, for appellant.

*M. T. Reynolds*, for respondents.

GRAY, J.    One of the reasons, if not the principal one, assigned by the Chancellor for a decree dismissing the bill as to the respondents, is, that the legacy to recover which the bill was filed, had been paid ; and this conclusion is supposed to be justified by the lapse of time and the evidence of one of the witnesses.    If I do not misapprehend the effect of the will, no presumption of payment can be derived from the lapse of time.    It is true that according to one clause in the will the legacy became payable in one year after John B. Borst attained his majority, which was in 1820 ; but it was directed to be paid by Borst "*out of the estate*" given to him, and on looking at the whole will it is entirely clear that he was not to have the estate until the death of his grand-mother, the testator's widow, which did not occur until 1832.    It seems to me, therefore, that the legacy did not become due until the period last named, and it is not pretended that the time which elapsed between that period and the filing of the bill, would warrant in the slightest degree a presumption of payment.

Dodge *v.* Manning.

As. to the evidence taken on this point, we are all of opinion, that there was nothing in it to justify the conclusion at which the Chancellor arrived.

The decision of the Vice Chancellor charged all the defendants with the payment of the legacy and costs, without any discrimination founded upon the equitable right of the respondents to insist, that the defendant, John B. Borst, and the real and personal estate of the testator in his hands, should be first charged, and that a resort should not be had to the estate purchased by them, until the remedy against Borst should first be exhausted. In this respect I am of opinion that the Vice Chancellor erred. It is true, that by the provisions of the will, the legacy in question became an equitable charge upon all the real estate devised to Borst, of which that purchased by the respondents respectively, at the master's sale, is a part. But the devisee, by accepting the real and personal estate devised and bequeathed to him, became personally liable for the payment of the legacies which the will directed him to pay. He is therefore primarily liable, and the remedy should first be exhausted against him and the real and personal estate of the testator remaining in his hands, before the respondents should be charged in respect to the real estate purchased by them. If they had purchased expressly subject to the payment of the legacy, that of itself might have made the estate in their hands directly and primarily chargeable. But I concur with the Chancellor that there is nothing in the evidence to justify the inference that they purchased in that manner. The admission in their answer, as well as the evidence, merely shews that they had notice of the existence of the legacy. If the decree of the Chancellor, therefore, had modified that of the Vice Chancellor in accordance with these views, it would, in my judgment, have been a correct disposition of the case. But as the Chancellor's decree directs the bill to be dismissed, as to the respondents, with costs, it should be reversed, and a decree should be entered charging the lands purchased by them with the payment of the legacy and costs of suit, so far as there may be a deficiency after the appellant

shall have exhausted her remedy against the defendant, John B. Borst.

JEWETT, CH. J.   By the terms of the will, the legacy given to the complainant was to be paid out of the estate of the testator, by John B. Borst, sole devisee and legatee of all the property of the testator, (except twenty acres of land devised to another) real and personal, subject to the life estate therein devised and bequeathed to the testator's widow.   The legacy thus given became an equitable lien upon the reversionary interest, as well in the real as personal property, so devised and bequeathed to Borst; and a personal charge upon him in case of his acceptance of the testator's bounty, in respect to the estate devised and bequeathed to him. (*Harris* vs. *Fly*, 7 *Paige* 421; *Glen* vs. *Fisher*, 6 *Johns. Chy*. 35.)

. J. B. Borst accepted the devise.   That is shown by the mortgage upon the real estate devised, executed by him to Maxwell, in 1826, containing a power of sale.   He thereby became personally bound to pay the legacy given to the complainant according to the terms of the will, which a Court of Equity will compel him to discharge.   As between him and the complainant, it is not material for her to show, that he had procured an account and payment from the executors of the testator, of the proceeds of the personal estate prior to the filing of her bill.   She may sustain her claim against him personally, and enforce her lien against any of the property devised or bequeathed to him remaining in his hands, without calling upon the executors of the testator for an account and payment; although it would have been competent for her to have made the executors parties with him, and thereby reached the personal fund in his hands, that being the primary fund for the payment of her legacy.

But as between the complainant and the defendants, Manning, Becker and Boyd, they have an equitable right as against her, to insist that she shall first exhaust her remedy, not only as against Borst personally, but as against that portion of the property, real and personal, remaining in his hands, or to

Dodge *v.* Manning.

which he is entitled, before she can enforce her lien as against that portion of the property purchased by them on the sale under the mortgage foreclosure.

Although the complainant's legacy in equity is a prior lien upon all of the estate given to Borst by the will, for its satisfaction, yet that portion of it remaining in the hands of Borst and the proceeds of the personal estate to which he is entitled, is primarily liable for its payment in exoneration of those portions which have been purchased by Manning, Becker and Boyd. If the bill showed that the personal estate had been exhausted in the course of administration, or that the persons who are accountable for it are not responsible, or that it had been accounted for and paid or delivered to Borst, or if the executors in whose hands the same remained, were parties to this suit; in either case the complainant might have been entitled, in case her legacy remained unpaid, to a decree for payment and satisfaction out of that portion of the real estate so purchased by Manning, Becker and Boyd, for so much as should remain unpaid after applying what should be received under a decree against Borst personally, and for sale of that portion of the property remaining in his hands, and after the application of the avails of the personal estate undisposed of by him. But the complainant has failed to present by her bill such a case as will entitle her to a decree to enforce her lien as against the devised premises in the hands of Manning, Becker and Boyd, in the event that she does not obtain satisfaction under a decree against Borst, and for the sale of that portion of the premises still remaining in his hands, on the ground that it does not appear but that the personal estate still remains in the hands of the executors which might be reached and applied upon or in satisfaction of her demand.

The Chancellor dismissed the bill as against Manning, Becker, and Boyd, on the ground that there was sufficient evidence to show that the complainant's legacy had been paid to Dodge, her husband, in his life time. I have considered the evidence relied on to show that fact, and am constrained to say that I am unable to come to that conclusion. There are

it is true, some circumstances which render it quite probable that payment was made as is alleged, but I do not see in the case any thing beyond that, that should be deemed proof of the fact. The testimony of Hezekiah Manning, the only witness to that point, falls far short of it. In my judgment it amounts to but little else than an inference of the witness founded upon conjecture. But from the view which I have taken of the case, I am of opinion that the decree was right, and should be affirmed.

BRONSON, J., also delivered an opinion in favor of affirming the decree, substantially upon the grounds stated in the opinion of JEWETT, CH. J.

The other Judges concurred in the result of the opinion delivered by GRAY, J., and therefore it was

Ordered accordingly.