HARRISON SHANNON, APPELLANT, v. STRADER HOWELL, RESPONDENT, IMPLEADED WITH OTHERS.

*Statute of limitations — there is none relating to charges on real estate for the payment of legacies.*

One Howell died in 1855, leaving a will by which he devised a farm to his son Strader during his natural life, with remainder in fee to Strader's children, or such of them as might be living at the time of his death, or the descendants of those who had died before that time. The bequest to Strader and his children was "made subject to the payment by said children, *out of their interests in said farm*," of two legacies given to two grandchildren of the testator, which were to be paid to them when they arrived at full age, with interest at the rate of four per cent, from the testator's death. The said legacies were "to be and remain a lien, charge and incumbrance on the said Strader Howell's

said children's interest in said Barrington farm until fully paid," and the devise to the grandchildren was made expressly subject to their payment. Strader entered into possession of the farm upon the death of the testator, and still continues in possession of it. One of the grandchildren came of age in January, 1869, and the other in December, 1870.

In this action, brought, November, 1882, by an assignee of the legacy given to one of the grandchildren, to have the amount due declared a lien upon the interests of Strader's children, and to have the same foreclosed and sold, the complaint was dismissed upon the ground that the legacy was barred by the statute of limitations.

*Held,* that this was error; that as there was no personal obligation to pay the legacy imposed by the will, and its payment was secured only by the lien created upon the land, there was no statute limiting the time within which it must be enforced.

*Loder* v. *Hatfield* (71 N. Y., 92) distinguished.

APPEAL from a judgment, entered upon the decision of the court at Special Term dismissing the plaintiff's complaint.

*Charles S. Baker*, for the appellant.

*Wood & Morris*, for the respondent.

CORLETT, J. :

Sylvanus Howell died on the 8th day of April, 1858, at Barrington, in the county of Yates, leaving a last will and testament, which was admitted to probate on the 7th day of June, 1858.

The provisions of the will, so far as material to the questions involved in this case, are as follows :

" *Second.* I give and devise to my son Strader Howell the farm in Barrington aforesaid, now owned and occupied by me, containing about 132 acres, during his natural life, with remainder in fee to Margaret Jane Howell, William Howell, Olberson Howell, Harriet Howell, Farley Howell, Harrison Howell and Theodore Howell, the children of the said Srader Howell and Mary, his deceased wife, or to such of them as shall be living at the time of the death of the said Strader Howell, and the descendants of such of them as shall have died before the death of the said Strader Howell ; the said descendants, if any, to take the share only which their respective parents would have taken if they had survived the said Strader Howell.

" This bequest to said Strader and his said children is made sub-

ject to the payment *by said children out of their interests in said Barrington farm*, of the sum of seven hundred dollars to Amos Howell, my grandson and the son of my deceased son Lot Howell, when the said Amos arrives at the full age of twenty-one years, with interest thereon from my decease at the rate of four per cent. per annum and subject also to the payment by them *out of their interests in said farm* of the sum of eight hundred dollars to my grandson Hannibal Howell, son of my said deceased son Lot Howell, when the said Hannibal arrives at the age of twenty-one years, with interest thereon from my decease at the rate of four per cent per annum." * * * " Which said sums of seven hundred dollars and eight hundred dollars, and the interest thereon, I give and bequeath to my said grandsons Amos and Hannibal, respectively, the same *to be and remain a lien, charge and incumbrance on the said Strader Howell's said children's interest in said Barrington farm until fully paid.*" * * *

" *Sixth.* I give and devise my said Barrington farm in fee to my said grandchildren, the children of the said Strader Howell and his deceased wife Mary, and to their survivors and descendants as aforesaid, subject to the life estate therein of my said son Strader Howell, and *subject also to the payment to my said grandsons Amos and Hannibal of the aforesaid legacies as above provided.*"

The whole will indicates that the deceased had three children living: Elias Howell, residing in New Jersey; Catharine Demming, the wife of Moses Demming, and the said Strader Howell.

One son, Lot Howell, the father of his grandchildren Amos and Hannibal, was dead. The said Amos Howell attained the age of twenty-one years on the 25th day of January, 1869, when his legacy, with interest, amounted to $1,010.70. Hannibal Howell became twenty-one years of age on the 21st day of December, 1870, at which time his legacy, with interest, amounted to $1,206.48. Strader Howell immediately took possession of said farm upon the death of his father, and still lives upon it, receiving the rents and profits. The plaintiff became the owner of Amos Howell's legacy before this action was commenced, which was on the 6th day of November, 1882. The action was tried at Special Term before Justice RUMSEY, and resulted in the direction of a judgment in favor of the defendants, dismissing the complaint. There is no dis-

pute about the facts, the sole question being whether the action is barred by the statute of limitations. The trial justice decided this question in the affirmative and dismissed the complaint on that ground. There can be no room for doubt as to the proper construction of the will, so far as it relates to the contention in this action Strader Howell had a life interest which still continues. The remainder was willed to his children above named, subject to the incumbrance of the legacies to Amos and Hannibal, which are charged upon the interests of Strader Howell's children. To remove all question or doubt, the will in express terms makes the sum so bequeathed to Amos and Hannibal "liens, charges and incumbrances on the said Strader Howell's children's interests in the farm until fully paid."

No person or persons are charged personally with the payment of these legacies or any part of them. The land, after the life estate, is made by the will subject to the payment of these legacies, and they are expressly charged upon it as liens and incumbrances until full payment. It is obvious, therefore, that the persons who take the fee under the will, after the life estate, receive it subject to the incumbrance of these legacies. They would receive more than was willed to them if they should obtain the land free from these incumbrances. They have not yet accepted under the will; perhaps they never will. It is impossible for them to get possession of the land, or to receive any benefit from it, until the termination of the life estate. It is conceded by the respondents that these legacies are only enforceable against the land. There never was a time when an individual was personally liable to pay these legacies, or any part, principal or interest. The will gives a life estate to the son. It next charges and incumbers it for the amount of these legacies until their full payment. What there is left is willed to the defendants. If they accept under the will, they will receive the land, subject to those incumbrances. The plaintiff occupies the same position that Amos would if he had never sold his interest in the legacy.

The action is simply to enforce his lien and incumbrance against the land. It is a proceeding, so to speak, *in rem.* He has no remedy at law; he can recover no personal judgment against anyone. Equity alone can afford him relief which must be confined to

the land charged with the payment of the moneys sought to be recovered.

The statute of limitations, therefore, has no application to this case. *Loder* v. *Hatfield et al.* (71 N. Y., 92), upon which this case was decided at Special Term, is an authority in favor of the plaintiff on this point. On page 103 the learned judge, in delivering the opinion, quotes from *Kane* v. *Bloodgood* (7 Johns. Ch. R., 90-116), as follows: "It is a general rule in the books that there is no statute of limitations to a charge on real estate."

The judge, continuing, says: "This remark from that case is there limited, however, to cases in which equity has the proper and exclusive cognizance. By entering into possession of the lands devised, upon condition of payment of these legacies and thus accepting the benefit of the devise, the devisee became *personally* liable for the payment of the legacies. An action at law might have been maintained against him therefor, if the cause of action had accrued before his death; or against his executors after his death (*Dodge* v. *Manning*, 11 Paige, 347; S. C., 1 N. Y., 298), so that equity had not exclusive cognizance of the demand."

It is thus seen that *Loder* v. *Hatfield* shows that the statute of limitations has no application to this case. (*Miner* v. *Beekman et al.*, 50 N. Y., 337; *Neilly* v. *Neilly*, 23 Hun, 651.)

It is not necessary to consider the question as to whether the statute of limitations will commence running in case the defendants take possession under the will after the termination of the life estate.

It follows that the judgment must be reversed and a new trial granted.

Present — BARKER, P. J., HAIGHT, BRADLEY and CORLETT, JJ.

Judgment reversed and a new trial granted, with costs to abide the final award of costs.