JOHN G. ZWEIGLE, Respondent, v. HENRY HOHMAN and MARIA HOHMAN, Respondents, and OTTO BECK, Appellant, Impleaded with GERTRUDE BECK.

*Devise of land charged with a legacy — personal liability of the devisee and lien upon the land — concurrent remedies — enforcement in equity — Statute of Limitations — will under seal — mortgage made by the devisee.*

When a will devises real estate on condition that the devisee pay a legacy to a minor on his coming of age, such payment not being made a condition precedent to the vesting of the estate in the devisee, the devisee, on accepting the devise, is seized in fee of the premises and becomes personally liable to pay the legacy, and the legacy is also a charge in equity upon the land.

The legatee's right of action to enforce payment of such legacy accrues when he comes of age and, his remedies at law and in equity being concurrent, the six years' Statute of Limitations applicable to an action at law against the devisee to recover the legacy is alike available as a defense to a claim set up by the legatee in a suit in equity, founded upon the charge of the legacy as a lien upon the land.

Hence, when, in an action brought by a mortgagee against the devisee and legatee, to foreclose a mortgage made by the devisee upon land devised subject to the payment of a legacy for which the devisee is also personally liable, the legatee alleges in his answer the non-payment of his legacy and seeks to establish the same as a prior lien upon the land, the maintenance of his claim is subject to the six years' Statute of Limitations.

This is so although the will by which such devise and legacy were created was under seal, since this fact would not render an action to recover the legacy from the devisee an action upon a sealed instrument, within the meaning of the Statute of Limitations.

The limitation of ten years, prescribed by section 388 of the Code of Civil Procedure, is not applicable to an action by the legatee to enforce such a legacy as a charge upon the land, since that provision applies only to cases exclusively within equity jurisdiction where there is no concurrent remedy at law.

APPEAL by the defendant, Otto Beck, from a judgment of the County Court of Monroe county in favor of the plaintiff, entered in the office of the clerk of that county on the 19th day of June, 1893, upon a decision rendered after a trial by the court.

The action was brought for the foreclosure of two mortgages made by the defendants Hohman, one to the plaintiff, dated July 1, 1878, to secure the payment of $350. The other, dated January 1, 1879, to John Burger to secure the payment of $500, and by the latter assigned to the plaintiff. The defendants Beck, who are husband and wife, alone defend. They allege an estate of inheritance in an undivided one-third of the premises in the defendant Otto Beck, founded upon the following facts: In May, 1876, Margaretha Beck made her will whereby she gave to the defendants Hohman all her property, real and personal, upon the condition that they pay to each of her children, Ludwina Beck, Balthazar Beck and Otto Beck, $300 on the arrival of the latter at the age of twenty-one years, except as to Ludwina, whose legacy was to be paid when she arrived at age. The testatrix soon after died seized of the premises in question, and the will was admitted to probate in February, 1877. The defendants Hohman went into possession of the premises immediately after the death of testatrix. The defendant Otto Beck was then fourteen years of age. He alleges that no part of his legacy has been paid to him. The defendants Hohman by their answer alleged that the legacy to the defendant Otto Beck has been paid to him, and further that the cause of action did not accrue within six years before the commencement of the action, which was

begun in April, 1892. The trial court directed judgment of fore-
closure and sale in favor of the plaintiff, and upon the issue between
the defendants Beck and Hohman directed judgment for the latter.

*E. F. Turk,* for the appellant.

*Wile & Goff,* for plaintiff, respondent.

*William G. Jerome,* for defendants, respondents, Hohman.

BRADLEY, J. :

The provision in the will to the effect that the testatrix gave her
property to the defendants Hohman upon the condition that they
paid the legacies there mentioned did not create a condition prec-
edent to the vesting of the estate in them. They, on acceptance of
the devise, were seized in fee of the premises and became personally
liable to pay the legacies. And by reason of the condition so
expressed in the will the legacies were made a charge in equity
upon the land. (*Loder* v. *Hatfield,* 71 N. Y. 92.) The testatrix
was mother of the legatee Otto Beck, then an infant, and in *loco
parentis* to him, and for that reason, and because no other provision
was made for him, he was entitled to interest upon his legacy from
the time of her death. (*Brown* v. *Knapp,* 79 N. Y. 136.) And
the charge of it upon the premises was superior to the lien of the
mortgages in question, and was in due time available as such unless
reasons existed which would have enabled the mortgagees to insist,
if necessary for their protection, that payment of the legacy should
first be sought from those who were personally and primarily liable
to pay it. (*Dodge* v. *Manning,* 1 N. Y. 298.) Whether that could
have been required of the legatees of the will in question, if they
had proceeded in equity to enforce the lien against the realty
devised, we are not advised by the evidence, nor is it necessary in
the present case to consider that question. It may here be assumed
that the remedies at law and in equity were concurrent. In such
case the statute limiting the time for the commencement of the
action at law is applicable alike to both remedies. This was so
before there was any statute in that respect relating to suits in
equity; and the provision of the Revised Statutes applying to the
latter the same limitation of time for their commencement (2 R. S.
301, § 49) was declaratory of the law as it then existed. (*Borst* v.

*Corey*, 15 N. Y. 505.) The Statute of Limitations applicable to an action at law against the devisees of the will to recover the legacy was alike available as a defense to a suit in equity founded upon the charge of it as a lien upon the land. (*In re Neilley*, 95 N. Y. 382, 390; *Butler* v. *Johnson*, 111 id. 204, 217.) The limitation of six years is alleged by the defendant Hohman as a bar to the charge, founded upon the legacy, made by the legatee in his answer. His cause of action accrued when he arrived at the age of twenty-one years in 1883, nine years before this action was commenced. Although the will was sealed with the seal of the testatrix an action to recover the legacy would not be one on a sealed instrument within the meaning of the statute. It would be founded upon the implied promise of the devisees to pay, arising from their acceptance of the devise. (*Am. Bible Society* v. *Hebard*, 51 Barb. 552; 41 N. Y. 619; *Loder* v. *Hatfield*, 71 id. 92, 104.) Nor is the statutory limitation of ten years (Code, § 388) applicable to an action by a legatee to enforce his legacy as a charge upon the land. That provision is applied only to cases exclusively within equity jurisdiction and in which there is no concurrent remedy at law. (*Butler* v. *Johnson*, 111 N. Y. 204.)

It follows that the six years' limitation is applicable to the claim made by the defendant Beck; and as it does not appear that any partial payments were made upon his legacy within that time preceding the commencement of the action it was a bar to relief in his behalf in the action. The question of the alleged payment of the legacy is not here for consideration. Upon that subject there was a conflict in the evidence and the trial court did not find what the fact was.

The judgment should be affirmed.

All concurred.

Judgment of the Monroe County Court appealed from affirmed, without costs of this appeal to either party.