(19 App. Div. 434.)

## COSTELLO v. DOWNER.

(Supreme Court, Appellate Division, Third Department. July 6, 1897.)

LIMITATIONS—NONRESIDENT—SUSPENSION OF STATUTE.

When the person against whom a cause of action exists is a nonresident of the state when it accrues, but at that time, and for more than six years thereafter, comes into the state on every business day, and remains during business hours within the state, where, by the use of reasonable diligence, he could be found, the statute of limitations begins to run in his favor, upon the first day of his .coming into the state, after the cause of action accrues, and its running is not thereafter suspended, since he is not continuously absent from the state for a year.

Herrick, J., dissenting.

Appeal from trial term.

Action by Alice M. Costello against Abner P. Downer. From an order sustaining a demurrer to plaintiff's reply, and from a judgment rendered thereon, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Hitchcock & McLennan, for appellant.
Charles Kellogg, for respondent.

PARKER, P. J. The facts averred in the reply in this case show that, on the day the note matured, the defendant was, and for upward of a year had been, a resident of the state of New Jersey; that during all that time, however, he had, during business hours in each day, attended at his office in the city of New York, and there carried on his business. Such attendance was open and notorious, and seems to have been of such a character that the plaintiff, with reasonable diligence, would have had no difficulty in ascertaining that he could have been found and served with process there, and this condition existed for about eight years after such date, before this action was brought. Concede that, under such facts, we should consider the defendant as

having been "without the state" at the time the cause of action accrued, I do not see how we can, under the decisions, escape the conclusion that he had more than six years before the commencement of this action returned to this state, within the meaning of the first clause of section 401 of the Code, in such a manner as to set the statute of limitations running. It seems to be well settled that, under such clause, a nonresident at the time the note matures does not have to move into and take up his residence in this state to set the statute running. An open and notorious coming into this state, "so that the creditor, by the exercise of ordinary diligence, might cause process to be served upon him," is sufficient to set the statute running. Randall v. Wilkins, 4 Denio, 577; Palmer v. Bennett, 83 Hun, 220, 31 N. Y. Supp. 567; Engel v. Fischer, 102 N. Y. 400–404, 7 N. E. 300. The cases cited by the appellant's counsel do not conflict with this conclusion. Burroughs v. Bloomer, 5 Denio, 532, was a case where the debtor departed from this state after the cause of action arose, and the decision is based upon the construction placed upon the second clause of the statute as it then existed. Bassett v. Bassett, 55 Barb. 518, and McCord v. Woodhull, 27 How. Prac. 54, were both based upon the same authority and clause of the section. And in Bennett v. Cook, 43 N. Y. 537, the decision proceeds upon the theory that the defendant's daily coming into the city to attend to his business set the statute running in his favor, and that his daily departures and absences operated to stay it, under the second clause of such section as it then stood. The case of Riker v. Curtis, 17 Misc. Rep. 134, 39 N. Y. Supp. 340, is based entirely upon the authority of this latter case.

The defendant in this case, therefore, having come into this state after the maturity of the note, and set the statute running in his favor, it continued to run, unless by some act of his within the provisions of the second clause of section 401, as it existed at the time this action was commenced, he has stopped it running. The second clause of that section then provided that "if, after the cause of action accrued, the defendant departs from and resides out of the state, and remains continuously absent therefrom for the space of one year or more, * * * the time of his absence is not a part of the time limited," etc. It will be noticed that, under this provision, the debtor must not only reside out of the state after his departure, but must also remain continuously absent therefrom for the space of one year. Both nonresidence and continuous absence for a year must concur in order to stop the running of the statute. Hart v. Kip, 148 N. Y. 306, 42 N. E. 712. In the case before us, the debtor, after coming into the state, and setting the statute running, the same day departed therefrom, but he returned the next day; and so departed one day, and returned the next, upon each business day, for substantially eight years. If the clause of the section under consideration merely provided that his departure and residence out of the state should operate to prevent the statute running while so absent, it would be easy to conclude that the defendant's absences while at his home should not be counted as any part of the six years running in his favor. Such was the provision of this clause when Burroughs v. Bloomer, Bassett v. Bassett, and Bennett v. Cook, supra, were decided. Construing the

provision to mean that successive absences may be accumulated and their aggregate deducted from the period of limitation, as was held in Cole v. Jessup, 10 N. Y. 96, and such conclusion necessarily followed. But with the additional requirement which the section now contains, that he must also remain "continuously absent for the space of one year," those cases and others of like import cease to be authority. Although constantly a resident out of the state, his daily return into it for the legitimate and only purpose of carrying on his business there rebuts the claim that he was "continuously absent." Evidently, that provision requires something more than a continued "nonresidence." It must be a continued "absence." And, although it is not improbable that instances will arise where it will be difficult to determine whether the legislature intended to include them within such provision or not, it seems too clear for discussion that a nonresident who is daily present, and carries on his business within this state, is not continuously absent therefrom for the space of one year. That the second clause of this section is applicable to the case of a debtor who, being a nonresident and absent when the cause of action accrues, subsequently returns to this state, sets the statute running, and then departs again, is held in Cole v. Jessup, supra. I am aware that, under this construction, the presence of the defendant in this state for the full period of six years has not been secured to this plaintiff, and that similar instances may frequently occur. But such condition seems to necessarily result from the comparatively recent requirement in the statute that the absence of the debtor must be continuous for the space of one year. However onerous upon the plaintiff this construction may prove, we must assume that the legislature has provided for all the exceptions which a sound public policy dictated, and must administer the law as we find it. Engel v. Fischer, supra. Our conclusion, therefore, is that the facts averred in the reply do not avoid the defense set up, and that, at the time this action was commenced, it was barred by the statute of limitations. The judgment of the special term was therefore correct, and should be affirmed.

Judgment and order affirmed, with costs. All concur, except HERRICK, J., dissenting.