(24 Misc. Rep. 155.)

RAY v. RAY et al.

(Supreme Court, Trial Term, Albany County. June, 1898.)

1. LIMITATIONS—DEBT BARRED—EFFECT ON LIEN.
    Where one lends money with the promise of having a lien on property about to be bought by the borrower, the debt being barred, the lien falls with it.

2. SAME.
    Under Code Civ. Proc. § 382, subd. 1, barring in six years actions on contract, except a judgment or sealed instrument, a debt contracted without time of payment fixed is enforceable at once, and is barred in six years thereafter.

3. SAME—TEN-YEARS STATUTE.
    The 10-years statute of limitation (Code Civ. Proc. § 388) applies to equity cases exclusively, and not to a case where the remedies at law and equity are concurrent.

**4. SAME—RELIEF IN EQUITY.**

Though the receipt of money under a promise that the lender should have a lien to secure it should constitute a trust, the debt could be recovered in an action at law, and the fact that the lender was entitled to equitable relief does not extend the time in which the action must be brought.

Suit by Ellen Ray against David Ray and others. Decree for plaintiff.

.S. T. Hull, for plaintiff.

Bailey & Dugan, for defendants.

EDWARDS, J. On March 6, 1891, the defendant David Ray received from the plaintiff $200, the consideration of property that day conveyed by her, on his promise that she should have a lien for it on property in the city of Albany, the purchase of which he was then contemplating, and which was conveyed to him on March 23, 1891. Within six years preceding the commencement of this action, the plaintiff, at various times, also furnished moneys, amounting to $242.49, to pay taxes, assessments, insurance, and repairs on said property, upon the defendant's promise that she should have a lien for such moneys on the property. This action is brought to recover the moneys by the enforcement of the lien. It was begun on September 24, 1897, more than six years after the receipt of the $200 by the defendant David Ray, and after the purchase by him of the property on which the plaintiff was to have a lien. Besides a general denial, the defendants interpose the six-years statute of limitation as a bar to the recovery of the $200, and I am of opinion that it is available.

The plaintiff's cause of action against the defendant David Ray was his indebtedness to her arising out of his receipt of the $200. No time was fixed for its payment, and she could have maintained an action at law immediately after its receipt by him, to recover a personal judgment against him. Such action is within the six-years statute of limitation, provided for by subdivision 1 of section 382 of the Code of Civil Procedure, viz.: "An action upon a contract obligation or liability, express or implied; except a judgment or sealed instrument." Although she was to have a lien for the moneys, such lien was only security to the debt. She could, at her election, bring an action on the debt, or a suit in equity to enforce the lien of which the debt was the basis. Her remedies were concurrent. In either case the cause of action was the debt, and a bar to her remedy in an action at law was equally a bar to her equitable remedy to enforce the lien. The lien falls with the debt. This was the law before the adoption of the Code (Borst v. Corey, 15 N. Y. 508); and it remains unchanged. Under the present system, where the remedies at law and in equity are concurrent, the statute limiting the time for the commencement of an action at law is applicable to the equitable remedy. The 10-years statute of limitation (section 388 of Code of Civil Procedure) applies to cases exclusively within equity jurisdiction. Butler v. Johnson, 111 N. Y. 204, 18 N. E. 643; Zweigle v. Hohman, 75 Hun, 377, 27 N. Y. Supp. 111; In re Neilley, 95 N. Y. 390. The statute having run against the plaintiff's legal remedy to collect her debt, her equitable remedy to enforce the lien is also lost.

It is contended by the plaintiff that the defendant received the $200 impressed with a trust in her favor, and that the statute of limitations did not begin to run until there was a repudiation of the trust. I do not think that the receipt of the money, under the promise that she should have a lien to secure it, in any sense constituted a trust. But, assuming the money to be impressed with the character of a trust, it could still have been recovered in an action at law, and the equitable relief sought cannot extend the time within which the action must be commenced. Roberts v. Ely, 113 N. Y. 128, 20 N. E. 606; Mills v. Mills, 115 N. Y. 80, 21 N. E. 714; Hann v. Culver, 73 Hun, 110, 25 N. Y. Supp. 880.

I am therefore of opinion that the plaintiff cannot maintain her action to enforce the lien for the $200 received from her by the defendant David Ray on March 6, 1891, and that she is entitled to judgment to enforce her lien only for the $242.49 furnished to pay taxes, assessments, insurance, and repairs. Ordered accordingly.