(58 App. Div. 493.)

CONNECTICUT TRUST & SAFE–DEPOSIT CO. v. WEAD et al.

(Supreme Court, Appellate Division, First Department. March 22, 1901.)

1. NOTES—LIMITATIONS—YEAR'S RESIDENCE OUT OF STATE.
   Under Code Civ. Proc. § 401, providing that, if a person against whom a cause of action has accrued departs from and resides without the state for one year or more, the time of his absence is not to be counted as part of the time limited for the commencement of an action, a cause of action on a note which accrued ten years before suit, against one who had never been out of the state continuously for one year during that period, was barred.

2. SAME—ACKNOWLEDGMENT OF INDEBTEDNESS—LETTER—CONSTRUCTION.
   Under Code Civ. Proc. § 395, declaring that an acknowledgment or promise in writing suffices to take a case out of the statute of limitations, a letter stating that plaintiff years ago held a partly-paid note indorsed by the writer, and continuing, "I am not yet able to take up the note, and have no definite prospect of being able to do so for a long time to come; but, if you are disposed to name a small sum that you will take for the note, I shall be glad to buy it,"—did not operate to take the cause of action on the note out of the statute of limitations, since it contained neither an acknowledgment nor a promise to pay.

   O'Brien and Rumsey, JJ., dissenting.

Appeal from trial term, New York county.

Action by the Connecticut Trust & Safe-Deposit Company against Charles K. Wead and Leslie C. Wead. From a judgment in favor of Leslie C. Wead plaintiff appeals, and from a judgment in favor of plaintiff Charles K. Wead appeals. 67 N. Y. Supp. 466. The former judgment is affirmed, and the latter reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

E. M. Bassett, for plaintiff.
R. K. Waller, for defendants.

PATTERSON, J. This action is upon a promissory note, to recover (against indorsers) a balance claimed to be due on it; payments having been made on account,—the last, apparently, in January, 1893. The defendants in their joint answer plead the six-years statute of limitations. The note bears date October 11, 1889, and is payable four months after date. The action was not begun until April, 1900. On the trial it appeared that the defendant Leslie C. Wead resided in the state of New York prior to February, 1890, in which month he took up his residence in the state of Massachusetts, but he had not

been continuously absent from the state of New York for a period of one year. The complaint was dismissed as to the defendant Leslie C. Wead, and the plaintiff appeals from the part of the judgment directing such dismissal.

It is conceded that, before the amendment of 1888 of section 401 of the Code of Civil Procedure, the abandonment by Leslie C. Wead of his residence in the state of New York, and his taking up a residence in another state, would have suspended the operation of the statute of limitations; but, by the amendment of the section of the Code referred to, it is provided that if, after a cause of action has accrued against a person, he departs from and resides without the state, and remains continuously absent therefrom for the space of one year or more, the time of his absence is not to be counted as part of the time limited for the commencement of an action. The effect of this amendment was considered in Costello v. Downer, 19 App. Div. 434, 46 N. Y. Supp. 713, in which, following Hart v. Kip, 148 N. Y. 306, 42 N. E. 712, it is held that both nonresidence and continuous absence for a year must concur in order to stop the running of the statute. In the case at bar it was shown that the defendant Leslie C. Wead was not continuously absent from the state of New York for the space of one year, but that from the time the cause of action accrued, down to the year 1900, he was within the state, at his former place of residence, at frequent intervals; the dates and times being given in the evidence in a detailed statement. This case differs from Costello v. Downer, supra, in that there the defendant, although residing in New Jersey, came to the state of New York and attended to his business in this state every day; but the amendment evidently could not have been intended to apply only to such a case, and, the defendant having shown his frequent returns to and sojourning within the state of New York during each year that elapsed since the cause of action accrued, it must be held that the statute operates to bar the claim against him. The judgment must therefore be affirmed as to him.

The defendant Charles K. Wead appeals from that part of the judgment which directs that the plaintiff recover of him the sum of $1,581.91, together with the costs of the action. On his appeal the only question is as to the sufficiency of a letter written by him to take the case out of the statute of limitations. That letter is dated December 27, 1897, and is in the following words:

"Conn. Trust & S. D. Co., Hartford, Conn., Mr. M. H. Whaples, Pt.—Dear Sir: Several years ago, when the Hartford Dynamic Co. went into insolvency, you held a partly-paid note of the Co. indorsed by me & L. C. Wead. I am not yet able to take up the note, and have no definite prospect of being able to do so for a long time to come; but, if you are disposed to name some small sum that you will take for the note, I shall be glad, if I can do so in justice to other interests, to buy it.

"Very truly, yours,                    Charles K. Wead."

As remarked by Andrews, J., in Manchester v. Braedner, 107 N. Y. 349, 14 N. E. 405:

"The decisions as to what is a sufficient acknowledgment of a debt to take it out of the statute are very numerous, and not altogether harmonious.

It seems to be the general doctrine that the writing, in order to constitute an acknowledgment, must recognize an existing debt, and that it should contain nothing inconsistent with an intention on the part of the debtor to pay it."

An acknowledgment or promise contained in a writing signed by the party to be charged thereby is the only competent evidence of a new or continuous contract whereby to take the case out of the operation of the statute of limitations. Section 395 of the Code of Civil Procedure. There is no promise contained in the letter above quoted, nor is there an acknowledgment of an indebtedness or liability upon the note. It contains simply a reference to a partly-paid note held by the plaintiff, bearing the writer's indorsement, and states that he was not able to take it up, and had no prospect of being able to do so; and then follows an offer to buy the note, if the holder were disposed to sell it at a small sum. There is nothing in the letter that can be construed as an acknowledgment of a then existing obligation on the part of the writer to pay the note. We think it cannot be said of this letter that it contains such an acknowledgment of a subsisting debt that a promise to pay may fairly be implied from that acknowledgment. It only refers to a piece of commercial paper held as evidence of a past indebtedness, which the writer of the letter not only does not promise to pay, but declares his inability to pay. All that is recognized is the existence of a piece of commercial paper referred to by words of description. There is no indebtedness upon it acknowledged.

The judgment upon the plaintiff's appeal must be affirmed, with costs; and upon the appeal of the defendant Charles K. Wead the judgment should be reversed, and a new trial ordered, with costs to the defendant Charles K. Wead to abide the event.

VAN BRUNT, P. J., concurs.

INGRAHAM, J. I concur with Mr. Justice PATTERSON, as I do not think that the letter of the defendant Charles K. Wead either recognizes an existing debt, or contains a promise to pay. At the time this letter was written the obligation sued on was barred by the statute of limitations, and there was then no liability. That being the condition, the defendant wrote to the plaintiff on the 27th of December, 1897, "Several years ago, when the Hartford Dynamic Co. went into insolvency, you held a partly-paid note of the company, indorsed by me." The utmost that can be claimed for this is that it was an acknowledgment that, years before, the plaintiff held a note upon which the defendant was liable. But there was certainly no acknowledgment of any liability at the time the letter was written. The letter then proceeds to state that the writer was not able to pay the note, and had no definite prospect of being able to do so for a long time to come. There was certainly nothing in this to indicate an acknowledgment of a liability or a promise to pay. The subsequent offer to buy the note for a small sum of money is inconsistent with either a promise to pay, or an acknowledgment of liability for the whole amount.

O'BRIEN, J. (dissenting).   We think the judgment should be affirmed upon the cross appeals,—both as to the one taken by the plaintiff from the dismissal of the complaint as against the defendant Leslie C. Wead, and as to the appeal taken by the defendant Charles K. Wead from the judgment entered on the verdict directed against him.   With respect to the plaintiff's appeal, nothing need be added to what has been said by Mr. Justice PATTERSON in affirming that part of the judgment.   Concerning the appeal of Charles K. Wead, the question presented is as to the sufficiency of a letter written by him to the plaintiff to take the indebtedness out of the statute of limitations.   The letter is as follows:

"Several years ago, when the Hartford Dynamic Co. went into insolvency, you held a partly-paid note of the company, indorsed by me and L. C. Wead. I am not yet able to take up the note, and have no definite prospect of being able to do so for a long time to come; but, if you are disposed to name some small sum that you will take for the note, I shall be glad, if I can do so in justice to other interests, to buy it."

Under section 395 of the Code of Civil Procedure, to take a case out of the operation of the statute of limitations there must be "an acknowledgment or promise contained in a writing, signed by the party to be charged thereby."   This, it will be noticed, does not require both an acknowledgment and a promise.   Either one is sufficient.   As said by Mr. Justice Ingraham in Shaw v. Lambert, 14 App. Div. 267, 43 N. Y. Supp. 470:

"In dealing with each particular case, what has to be ascertained is the intention of the writer of the instrument upon which is based the acknowledgment of the existing liability or the new promise to pay the debt.   Was it his intention to acknowledge that an obligation or debt existed, or was it his intention to promise to pay a demand made upon him?"

Applying this rule to the language of the letter, it seems to us clearly to be an acknowledgment of an indebtedness.   In the letter the defendant Charles K. Wead says that the plaintiff held the note, which note, he adds, was "indorsed by me."   And that he recognized his liability thereon, and acknowledged the debt, appears from what follows, wherein he says, "I am not yet able to take up the note."   Giving the language its necessary construction, it seems to us impossible to escape the inference that the writer would not have employed those words had he not recognized his liability as indorser on the note, and by his letter intended to acknowledge it. We think, therefore, that the learned trial judge was right in saying:

"The letter of the defendant Charles K. Wead clearly acknowledges the debt.   *   *   *   Not only is there nothing inconsistent in the writing with the intention to pay the obligation, but the language used appears to be consistent with an intention to pay."

In this construction given to the language of the letter by the trial judge we concur, and think that the judgment as to Charles K. Wead should also be affirmed, with costs.

RUMSEY, J., concurs.