---

**TRUST & DEPOSIT CO. OF ONONDAGA**, Respondent, v. VERITY et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. December 10, 1901.) Action by the Trust & Deposit Company of Onondaga against Townsend Verity and others. No opinion. Judgment (67 N. Y. Supp. 918) affirmed, with costs, on opinion of ANDREWS, J., delivered at special term.

---

**VALENTINE**, Respondent, v. BLACKBURN et al., Appellants. (Supreme Court, Appellate Division, Second Department. January 24, 1902.) Action by Elizabeth H. Valentine against Samuel P. Blackburn and others. No opinion. Order affirmed, with $10 costs and disbursements. See 73 N. Y. Supp. 1150.

---

In re **VALENTINE**. (Supreme Court, Appellate Division. Second Department. January 24, 1902.) In the matter of the judicial settlement of the account of Amelia M. Valentine, as administratrix of Henry E. Valentine, deceased. No opinion. Decree of surrogate's court of Kings county modified, by providing that interest on the sum allowed the claimant run from the date of the decree, May 11, 1901, instead of from the death of the intestate, and, as so modified, affirmed, without costs.

---

**VAN REED v. PEOPLE'S NAT. BANK OF LEBANON, PA.** (Supreme Court, Appellate Division, First Department. February 7, 1902.) Action by Henry Van Reed against the People's National Bank of Lebanon, Pa. No opinion. Motion for leave to go to court of appeals granted. Questions to be settled on settlement of order.

---

**VAN REED**, Appellant, v. THOS. V. JOHNSON CO., Respondent. (Supreme Court, Appellate Term. December, 1901.) Action by Henry Van Reed against the Thos. V. Johnson Company. Carrington & Pierce, for appellant. John A. Kamping, for respondent.

SCOTT, J. The plaintiff sues as assignee of Thomas V. Johnson, late president of defendant, for salary claimed to be due for his services as president. The plaintiff alleges that Johnson was made president of the defendant upon its organization in 1891, and that his sal-

ary was then fixed by the board of directors at $3,000 per annum. This seems to be conceded. He claims, further, that the amount of salary to be paid him was never changed. The defendant interposes two affirmative defenses. It sets up as a counterclaim two promissory notes made by plaintiff in 1893, which it has taken from the holders and now holds. Under the evidence the right to sue upon these notes has been barred by the statute of limitation. Costello v. Downer, 19 App. Div. 434, 46 N. Y. Supp. 713; Deposit Co. v. Wead, 58 App. Div. 493, 69 N. Y. Supp. 518. The second defense is that on or about January 1, 1897, the plaintiff agreed with defendant that he should no longer receive a fixed salary, but should receive a percentage of the profits as compensation for his services, and that plaintiff's assignor not only had received all the profits to which he was entitled, but had also received advances in excess of his share of the profits amounting to more than the sum sued for. The evidence sustained this second defense, and justified the conclusion that the plaintiff's assignor and three others, comprising all the directors, as well as all the stockholders, of the defendant corporation, had made such an agreement as is set up in the complaint. The fact that this agreement was not reduced to the form of a resolution and entered upon the minutes of the company is not important. So long as the defendant agreed to the modification of the provision for his compensation, as the evidence shows that he did, and acted under it, it does not now lie in his mouth to now disaffirm it. Judgment affirmed, with costs. All concur.

---

**VAN VOORHIS**, Respondent, v. ENOS, Appellant. (Supreme Court, Appellate Division, Fourth Department. January 7, 1902.) Action by Quincy Van Voorhis against Charles Enos. No opinion. Judgment affirmed, with costs.

---

**VILLAGE OF MECHANICVILLE**, Respondent, v. STILLWATER & M. ST. RY. CO., Appellant. (Supreme Court, Appellate Division, Third Department. December 31, 1901.) Action by the village of Mechanicville against the Stillwater & Mechanicville Street Railway Company. No opinion. Judgment (71 N. Y. Supp. 1102) unanimously affirmed, with costs.

---

**VITOLO v. BEE PUB. CO.** (Supreme Court, Appellate Division, First Department. January 24, 1902.) Action by Carmine Vitolo against the Bee Publishing Company. No opinion. Motion granted. Questions to be settled on settlement of order.