(63 Misc. Rep. 537.)

## HOLT v. HOPKINS.

(Supreme Court, Special Term, New York County. June 7, 1909.)

1. BONDS (§ 93\*)—TRANSFER—BONA FIDE PURCHASERS—CONSIDERATION.

A wife, whose husband transferred negotiable bonds, payable to bearer, which were in his possession, but which belonged to her, to a stockbroker, in order to keep up a margin on an account of his own with such broker, cannot require the broker to account to her for the bonds, where the broker had no reason to believe the bonds did not belong to the husband, and there were no circumstances imposing upon him any duty to make inquiry as to their ownership.

[Ed. Note.—For other cases, see Bonds, Cent. Dig. §§ 100–107; Dec. Dig. § 93.\*]

2. LIMITATION OF ACTIONS (§ 36\*)—EQUITABLE ACTIONS.

A husband, having opened an account with a stockbroker in his wife's name, speculated therewith without her knowledge, using as margin securities belonging to her, and subsequently transferred the account to an account of his own with the broker, and from time to time delivered other securities of the wife to keep up the margin thereon, without her knowledge, until finally the account was closed and a small balance was paid to the husband. *Held* that, after the wife obtained knowledge of the transfer of her securities, an action at law was as adequate a remedy as an equitable action, and therefore an action for accounting brought against the stockbroker must be brought within the time specified by Code Civ. Proc. § 382, providing that actions upon a contract obligation or liability, express or implied, must be brought within six years, and such action cannot be brought within the time specified by section 388, providing for the bringing of an action within ten years on liabilities not otherwise provided for, as section 388 applies only to actions of which equity has exclusive jurisdiction, and where the remedy in equity is merely concurrent with that at law the statute limiting the time for the commencement of the action at law is applicable to the equitable remedy.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 170; Dec. Dig. § 36.\*]

3. HUSBAND AND WIFE (§ 210\*)—ACTIONS—JURISDICTION—ADEQUATE REMEDY AT LAW.

An action against a stockbroker, brought by a wife for an accounting as to securities belonging to her and transferred to the broker by her husband, may be brought in equity; for, on account of the fiduciary character of the relations between the parties, equity will assume jurisdiction, although there is an adequate remedy at law.

[Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 210.\*]

4. LIMITATION OF ACTIONS (§ 183\*)—PLEADING.

In an action against a stockbroker, brought by a wife for an accounting as to securities belonging to her and transferred to the broker by her husband, defendant can claim that the remedy at law was adequate, and therefore that the action should have been brought within the time limited by Code Civ. Proc. § 382, without pleading that fact, as such fact would not be a defense to the action; the case being one of which, on account of the fiduciary character of the relations between the parties, equity assumes jurisdiction, even though there is an adequate remedy at law.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 683–686; Dec. Dig. § 183.\*]

5. LIMITATION OF ACTIONS (§ 87\*)—NONRESIDENCE.

The statute of limitations is not suspended, as against a nonresident defendant who has an office in the state at which he does business practical-

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ly every day of the year, with the exception of Sundays and holidays, and who lives in the state half the time during each year.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 459; Dec. Dig. § 87.*]

**6. LIMITATION OF ACTIONS (§ 66*) — COMPUTATION OF PERIOD — NOTICE OF LIABILITY.**

Code Civ. Proc. § 410, provides that where a right exists, but a demand is necessary to entitle a person to maintain an action, the time within which the action must be commenced must be computed from the time when the right to make the demand is complete, except where the right grows out of the receipt or detention of money or property by an agent, trustee, attorney, or other person acting in a fiduciary capacity, the time must be computed from the time when the person having the right to make the demand has actual knowledge of the facts upon which that right depends. *Held*, that the right of a wife to demand an accounting from a stockbroker to whom her husband had transferred securities belonging to her accrued when her husband told her that he had transferred such securities, and was not postponed until a subsequent date, when she ascertained that her husband had opened an account in her name with the stockbroker before transferring the securities.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 353, 371, 373; Dec. Dig. § 66.*]

Action by Elise H. M. Holt against Franklin W. Hopkins. Complaint dismissed.

Howard Hasbrouck, for plaintiff.

Pinney, Thayer & Van Slyke (George M. Pinney, Jr., and Aaron C. Thayer, of counsel), for defendant.

GIEGERICH, J. The action is for an accounting of all transactions had by the firm of Hopkins Bros., of which the defendant is the surviving member, for the account or in the name of the plaintiff, and for any stocks, bonds, or other property belonging to the plaintiff, and particularly of all moneys received or paid out in her name or for her account. The complaint also asks that the defendant be decreed to pay over to her any sum found due her on the accounting. There is no dispute as to the facts in this case. The defendant did not offer any evidence, but relies entirely upon the facts proved by the plaintiff to establish certain defenses pleaded and hereinafter mentioned. In 1898 the plaintiff received several legacies from England. With this money, on the advice of her husband and several friends, she purchased 10 $1,000 bonds of various railroads, and also 10 shares of the preferred stock of the H. B. Claflin Company and 10 shares of Western Union stock. These securities she intrusted to her husband, to be put in the safe of the company where her husband was employed for safe-keeping. Later, on the advice of her husband, she determined to sell the Claflin and Western Union stocks and invest the proceeds in the bonds of the Erie Telephone & Telegraph Company. For this purpose she indorsed the two certificates of stock and gave them to her husband to sell. He took them to the firm of Hopkins Bros., stockbrokers, and opened up an account in his wife's name. He told them that the stock belonged to his wife, and he wanted it sold and credited to her account, and at the same time he delivered

to Hopkins Bros. the subscription to two Erie Telegraph & Telephone Company bonds, which they were to take up; that is, pay for these two bonds and charge the cost thereof to Mrs. Holt's account. Previous to this, for some time the plaintiff's husband, W. T. Holt, had been speculating in various stocks through Hopkins Bros., and had an account there in his own name. Soon after the sale of these shares Holt commenced to speculate with the account standing in his wife's name, entirely without her knowledge or consent. His speculations were evidently not successful; for in May, 1899, in response to a request from Hopkins Bros. for more margin for this account, he delivered to them a $1,000 bond of the Western Gas Company of Milwaukee, telling them that it was his wife's property. Needless to say, this delivery was made entirely without her knowledge. In the latter part of 1899, at Holt's order, the account standing in his wife's name was transferred to and absorbed in his own account. Meanwhile Holt's speculations in connection with the account standing in his own name had also been unsuccessful, and during the years 1898, 1899, and 1900, in order to keep up the margin thereon, from time to time he delivered to Hopkins Bros. the remaining securities of his wife which were in his possession. These were all coupon bonds, payable to bearer, and there was nothing in connection therewith which should have led Hopkins Bros. to believe they were not his property. Finally, in November, 1900, his account was closed, and a balance of about $100 was paid him. The plaintiff had no knowledge of her husband's speculation with her securities until July or August, 1900, when he told her that he had lost them all in speculation through Hopkins Bros. As he puts it, he then "made a clean breast of it." The plaintiff did nothing until March, 1908, when she brought this suit.

As to the coupon bonds payable to bearer, which the plaintiff's husband delivered to the defendant's firm, it is clear that the plaintiff cannot recover for them, either in law or in equity. They were negotiable securities for which Hopkins Bros. paid value, without knowing or having any reason to believe that any of these bonds belonged to the plaintiff. Therefore, in the absence of circumstances imposing upon them some duty of inquiry they were under no liability to the plaintiff in the matter. Welch v. Sage, 47 N. Y. 143, 7 Am. Rep. 423; Man. Sav. Inst. v. N. Y. Nat. Ex. Bank, 170 N. Y. 58, 62 N. E. 1079, 88 Am. St. Rep. 640; Murray v. Lardner, 2 Wall. 110, 17 L. Ed. 857.

As to the other securities, the defendant insists that the plaintiff's claim has been barred by the statute of limitations, which he has set up, among other defenses. He claims that the six-year limitation, provided for by section 382 of the Code of Civil Procedure, applies to this action; while the plaintiff contends that, because this is an action in equity, the ten-year limitation prescribed by section 388 of the Code of Civil Procedure governs. It seems to be settled, however, that the ten-year provision applies only to actions of which equity has exclusive jurisdiction, and that where the remedy in equity is merely concurrent with one at law the statute limiting the time for the commencement of the action at law is also applicable to the equi-

table remedy. Matter of Accounting of Neilly, 95 N. Y. 382; Butler v. Johnson, 111 N. Y. 204, 18 N. E. 643; Zweigle v. Hohman, 75 Hun, 377, 27 N. Y. Supp. 111; Ray v. Ray, 24 Misc. Rep. 155, 53 N. Y. Supp. 300. In Matter of Neilly, supra, the court, at page 390 of 95 N. Y., says:

"When the complainant has a concurrent remedy in a court of equity and in a court of common law time is as absolute a bar in equity as it is in law [citing cases]; and in such cases the limitation as to actions at law applies [citing authorities]."

In Butler v. Johnson, supra, at page 214 of 111 N. Y., and page 645 of 18 N. E., the opinion of the court contains a quotation from one of Chancellor Kent's decisions which is particularly applicable to the present case:

"Chancellor Kent said * * * that if the party had a legal title and a legal right of action, and instead of proceeding at law resorted to equity, instead of bringing his account or detinue or case for money had and received at law he files his bill for an account, the same period of time that would bar him at law would bar him in equity [citing authority]."

The court, in Zweigle v. Hohman, supra, says (at page 380 of 75 Hun, and page 113 of 27 N. Y. Supp.), in reference to section 388 of the Code of Civil Procedure, which prescribes the ten-year limitation:

"That provision is applied only to cases exclusively within equity jurisdiction, and in which there is no concurrent remedy at law [citing Butler v. Johnson, 111 N. Y. 204, 18 N. E. 643]."

In Ray v. Ray, supra, Mr. Justice Edward said, at page 156 of 24 Misc. Rep., at page 301 of 53 N. Y. Supp.:

"The ten-year statute of limitations (section 388 of the Code of Civil Procedure) applies to cases exclusively within equity jurisdiction."

In this case the relief which the plaintiff could have secured by an action at law, in trover, for money had and received, for damages, or upon an account, was in no sense imperfect, and was just as adequate as that sought to be obtained in the equitable action. In an action at law, therefore, there would have been no difficulty in ascertaining the amount the plaintiff was entitled to recover, and the accounting asked for in equity is entirely unnecessary as an aid thereto. Marvin v. Brooks, 94 N. Y. 71, 80; Kenefick v. Co-operative Bldg. Bank, 62 Misc. Rep. 519, 521, 115 N. Y. Supp. 966. The jurisdiction of equity, even if an account be necessary to determine the amount due, is nevertheless only concurrent, not exclusive, and the legal period of limitation governs, in this case six years (Code Civ. Proc. § 382, subds. 1, 3), and the action is barred.

In Mills v. Mills, 115 N. Y. 80, 21 N. E. 714, the plaintiff's intestate deeded lands to the defendant and assigned to him a mortgage as security for an indebtedness, with the understanding that the defendant might sell the lands, collect the mortgage, and reimburse himself and the defendant, who agreed that he would reconvey on payment of the debt and expenses and all subsequent losses. The defendant sold the lands and received the proceeds. The court decided that all of the proceeds, after the defendant was fully reimbursed,

were received by him for the use of the plaintiff's intestate, that it was the defendant's duty at once to pay over these proceeds, and upon his failure to do so he was liable without demand, and that therefore the six-year statute of limitations was a bar, and this result was not changed because an account was necessary. The court, in its opinion, at page 85 of 115 N. Y., and page 715 of 21 N. E. says:

"The defendant must always have known the amount of his loans and advances to his brother (the plaintiff's intestate), and it was his duty to keep an account of his expenditures on account of the property transferred to him, and hence he could tell when he had been fully reimbursed, and the time came when he received moneys to and for the use of his brother under the obligation to make payment of them to him. Even if an accounting was necessary to determine the amount due from him to his brother, the account could be taken in an action at law as well as in an action in equity; and in whatever form the action was commenced the legal rule of limitations would be applicable [citing authorities]. All the relief asked for in the complaint is an accounting and a judgment for a sum of money, and no other relief was needed or possible upon the facts established."

The foregoing views are not at variance with Haight v. Haight & Freese Co., 112 App. Div. 475, 98 N. Y. Supp. 471, relied on by the plaintiff. That case simply decides that equity has jurisdiction of an action for an accounting by a customer against stockbrokers; but it does not hold that equity has exclusive jurisdiction in such a case, nor that the ten-year statute of limitations applies to it. In fact, no question of the statute of limitations was involved.

In regard to the point, made in the plaintiff's brief, that the defendant cannot now claim that the remedy at law was adequate because he has not so pleaded, it is only necessary to say that, if he had so pleaded, it would not have been a defense to this action. This is one of that class of cases where, on account of the fiduciary character of the relations between the parties, equity assumes jurisdiction, even though there is an adequate remedy at law. Haight v. Haight & Freese Co., supra. It is in part, at least, for this reason that courts of equity, when the facts show an adequate and concurrent remedy at law, apply the legal limitation to the equitable action. Nowhere have I been able to find any case where it has been held that it is necessary to plead specifically the facts which make any special period of limitation applicable to any action. All that is ever pleaded in substance is that to a certain action a certain fixed limitation applies, and not the specific facts which make that limitation applicable.

The plaintiff also contends that the statute has never been set running in favor of the defendant, because for some years prior to the accrual of this action, and ever since that time, the defendant has been a resident of the state of New Jersey. It seems that for not less than 20 years the defendant has been a resident of New Jersey; at least, that is where he has voted. He is a member of the New York Stock Exchange, and has had an office and place of business in the borough of Manhattan for the last 27 years. With the exception of Sundays and holidays, he has been at his office practically every day for the last 10 years at least. Furthermore, he has lived in this state during that time for at least 6 months of every year. Under

facts not as favorable to the defendant as these, it has been decided, in Costello v. Downer, 19 App. Div. 434, 46 N. Y. Supp. 713, that the statute would run in the defendant's favor, and I have not been able to find any later case which lays down a different rule.

The case of Connecticut Trust & Safe Deposit Company v. Wead, 172 N. Y. 497, 65 N. E. 261, 92 Am. St. Rep. 756, relied on by the plaintiff, does not do so. At page 503 of 172 N. Y. and page 262 of 65 N. E. (92 Am. St. Rep. 756) the court said:

"Whether the statute runs in favor of a nonresident defendant with a place of business in this state and daily present there during business hours, it is unnecessary to determine; but we do hold that casual temporary visits of a nonresident do not break the continuity of his absence under the section of the Code, so as to entitle him to the benefit of the statute."

It seems to me that the rule as laid down in the Costello Case, supra, is correct both in reason and authority. It imposes no hardship upon the plaintiff. In this case the plaintiff would not have had the slightest difficulty at any time in serving the defendant in this state.

The plaintiff further claims that before she could maintain this action a demand upon the defendant was necessary under section 410, subd. 1, of the Code of Civil Procedure, and consequently that statute did not begin to run against the defendant until she had actual knowledge of the facts upon which the right to make this demand was based. Section 410 of the Code of Civil Procedure, so far as applicable, provides that where a right exists, but a demand is necessary to entitle a person to maintain an action, the time within which the action must be commenced must be computed from the time when the right to make the demand is complete, except that:

"(1) Where the right grows out of the receipt or detention of money or property by an agent, trustee, attorney or other person acting in a fiduciary capacity, the time must be computed from the time when the person, having the right to make the demand, has actual knowledge of the facts upon which that right depends."

The plaintiff claims that it was early in the year 1908 when she first knew that her husband had opened an account in her name with Hopkins Bros. She made this discovery by finding in a trunk abandoned by her husband some old monthly statements made by Hopkins Bros. to him relative to the account in her name. Even if this was the first time she learned this specific fact, long before that time she had sufficient information in regard to her rights against Hopkins Bros. to satisfy the section of the Code just referred to. In 1900 her husband informed her that he had lost all her money in speculation through them. As he puts it, he "made a clean breast of it." She knew that certain stocks of hers had been sold, and that the Erie Telephone & Telegraph Company bonds had been purchased with the proceeds, and that these bonds in turn had been lost. If she had made inquiry, she could have learned all about the transaction. It thus appears that in 1900 the plaintiff knew, or was chargeable with knowledge, of the facts upon which her right to make a demand depended; and, as her action falls within the six-year limitation, it was barred at the time she attempted to institute it.

The complaint must therefore be dismissed, with costs. The form of the decision and judgment to be entered hereon will be settled upon the usual notice.