(15 Misc. Rep. 427.)

PAWLICK v. HOMESTEAD LOAN ASS'N.

(Supreme Court, Special Term, Monroe County. January, 1896.)

1. BUILDING ASSOCIATIONS—WITHDRAWAL OF MEMBERS — ORDER OF PAYMENT.
   A provision in the articles of association that, when applications for withdrawal shall exceed the weekly receipts, such applications shall be numbered in the order in which they are received, and paid in the same order as fast as the receipts of the association shall permit, means that withdrawing members shall be paid in accordance with the order of their notice of withdrawal, so that the association may not prefer one to another in an arbitrary manner.

2. SAME—RIGHT OF WITHDRAWING MEMBERS TO SUE.
   A member, on withdrawing from such association, cannot sue to recover the amount due him, where there is no money in the treasury legally applicable to the payment of his claim. Association v. Silverman, 85 Pa. St. 394, distinguished. Englehardt v. Association (Super. Buff.) 25 N. Y. Supp. 835, disapproved.

3. SAME—PEREMPTORY ACTION—RIGHT TO PROCEED TO JUDGMENT.
   An action prematurely brought against a loan association by a withdrawing member cannot be sustained on the theory that no injury can result to the other members, as the court could stay execution of the judgment until the association has collected the necessary funds, as it is inconsistent to allow a plaintiff to sue and then deny him the right to execution.

4. SAME—AMENDMENT OF ARTICLES.
   A member of a building association, the articles of which provide for amendment, is bound by amendment regularly adopted, though he had no notice thereof.

Action by Frank Pawlick against the Homestead Loan Association. Complaint dismissed.

Jacob Spahn, for plaintiff.

George W. Thomas and John Desmond, for defendant.

DAVY, J. The plaintiff who was a stockholder and member of the Homestead Loan Association, the defendant herein, filed, on the 20th day of June, 1893, notice of withdrawal. When this notice was filed, there was credited to him upon the books of the association, for weekly payments upon his stock, the sum of $742, and this action is brought to recover that amount. The defendant contends that by the terms of the articles of association the plaintiff's claim was not due at the time of the commencement of this action, which is the principal point in controversy.

It appears that the defendant was organized under Chapter 122, Laws 1851, and the several acts amendatory thereof and supplementary thereto. By the provisions of said act, any number of per-

sons not less than nine can associate and form an incorporated company, for the purpose of accumulating a fund from the subscriptions of its members, for the purchase of real estate, and the erection of buildings or the making of other improvements upon lands, or to pay off incumbrances thereon, by loaning to its members the requisite amount of money from the funds of the society upon good security, and also for the purpose of accumulating a fund, to be returned to its members who do not obtain advances, when the funds of such an association shall amount to a certain sum per share, to be specified in the articles of association.   Membership is acquired by becoming the owner of stock and subscribing to the articles of association. Section 2 of article 14 of the association provides that members may withdraw the whole or part of their deposits by giving not less than one week's notice in writing to the association, and the liability to pay further dues, and the right to dividends, shall cease with the filing of said notice:   Provided, however, that, should the applications for loans and withdrawals at any time exceed the weekly receipts, such application shall be numbered in the order in which they are received, and paid in the same order, as fast as the receipts of the association will permit.   The plaintiff, who subscribed to the articles of association, thereby agreed to its terms and conditions.   One of those conditions was that, if he withdrew from the association, his notice or application of withdrawal should be numbered in the order in which it was received, and paid in the same order as fast as the receipts of the association would permit. The reasonable construction to be placed upon this section is that, if the available receipts of the association are not sufficient at any given time to pay all the depositors who have given notice of withdrawal, they are to be paid in accordance with the order of their notices, so that the society should not be at liberty to prefer one depositor to another in an arbitrary way, as they might do without some such restriction.   It appears from the evidence that, at the time the plaintiff filed his notice of withdrawal, the aggregate amount of prior unpaid withdrawals was $106,279.47, and that the total amount of receipts, from the time the plaintiff filed his withdrawal down to the time this action was commenced, was $61,324.53, leaving $44,954.94 to be collected in before the defendant could pay the plaintiff's claim according to the agreement expressed in the articles of association.

The plaintiff also contends that he had a right to bring this action and take judgment against the association, even if there were no money in the treasury legally applicable to the payment of his claim, and in support of his contention he cites the case of Association v. Silverman, 85 Pa. St. 394, as an authority.   It is true that the court there held that a member who had served notice of withdrawal could maintain an action to recover the amount of his deposit, before the funds provided for by the by-laws of the association had been collected.   It appears, however, from an examination of that case, that there was no provision in the by-laws for priority of notice, as there is under the rules of the association under consideration.   It is also claimed by the plaintiff that the case of Englehardt v. Associa-

tion (Super. Buff.) 25 N. Y. Supp. 835, is controlling in this case. The views expressed in the prevailing opinion of the court are not in accord with my views, and it is contrary to the reasoning of Mr. Justice Dwight in the case of Wolfe v. Association, 75 Hun, 201, 27 N. Y. Supp. 44. The learned judge says that "the articles of association of every organization for mutual benefit, like the defendant, constitute the contract between the association and the individual member, and no provision of such contract is subject to be abrogated, or its obligation impaired, by any act of the board of directors which is not expressly empowered." End. Bldg. Ass'ns, § 110, lays down the rule that, as soon as a member has perfected his right as a withdrawing stockholder against the association, by giving the proper notice of withdrawal and conforming to all the legal requirements in the premises, he becomes a creditor of it to the amount coming to him under the rules and statutes, payable out of the available funds in the order in which his withdrawal was perfected.

It is also claimed that, under the rule laid down in O'Rourke v. Association, 93 Pa. St. 308, no injury can result to the other members of the association, even if a judgment is obtained; that the court has the power to stay the execution of the judgment until the association has collected the necessary funds. It seems to me that there is an inconsistency in permitting the plaintiff to maintain his action to recover a judgment, and then denying him the right of immediate execution. This course would certainly be contrary to the well-settled rules of practice in this state. There is no claim that the association has discontinued its business, or that it is insolvent, or that there is any bad faith on the part of the directors in the management of the affairs of the association, so that those questions are not before me for consideration: I know of no way, therefore, in which a member of this association can enforce the collection of his claim sooner than the statute or rules of the organization will permit. It would completely wreck any association of this kind if all of its members who chose to withdraw from the organization could sue and recover judgments before there were any funds in the treasury for paying the claims, as contemplated by the articles of association. Such a condition of things would necessarily result in the appointment of a receiver to wind up the business of the association, which would defeat the very object of the statute which was enacted to aid the laboring classes in acquiring homes from their accumulated earnings. The plaintiff was a creditor in a qualified sense only,—not like a general creditor, who could enforce his claim at any time, regardless of the consequences to the association. The amount deposited to his credit was not his earnings alone, but it was the profits made upon the money contributed to the association by all its members. His relation, therefore, to the defendant and its members was in the nature of a partnership. When the plaintiff subscribed to the articles, he thereby agreed to their terms and conditions. One of those conditions was that, if he withdrew from the association, his notice or application of withdrawal should be numbered in the order in which it was received, and paid in the same order, as fast as the receipts of the association would permit.

His right, therefore, to bring an action to recover the amount credited to him as a depositor is not absolute until there is money in the treasury available for that purpose. The rules of equity·will not permit him to depart from his contract obligations and take advantage of the other members of the association in the collection of his claim. It was held in Association v. Kerr (Tex. Sup.) 13 S. W. 1020, that a judgment could not be recovered against the association by a withdrawing member, in the absence of an allegation in the complaint, and proof by him, that there were sufficient funds in the treasury to meet his claim, in accordance with the by-laws. In Heinbokel v. Association, 58 Minn. 340, 59 N. W. 1050, it was held that the right to withdraw from a loan association, and to receive back what had been paid into the treasury by a member of the association, existed solely by virtue of the by-laws or statute. Brett v. Society [1894] 1 Q. B. 367. While the rule which these courts have adopted is in conflict with the authorities cited by the learned counsel for the plaintiff, yet I think it rests upon much sounder reason. The learned counsel for the plaintiff also contends that, inasmuch as the secretary and treasurer of the association paid to the plaintiff $128, and agreed to pay him the balance of his deposit when called for, that constituted a waiver of the contract, and therefore the whole amount of his claim became due. As I have already indicated, the plaintiff subscribed to the articles of association, and became bound by their provisions. He was thereby charged with notice of the limitations and powers of the defendant and its officers, and that the secretary and treasurer had no authority to disregard its articles in the payment of withdrawal loans. First Nat. Bank of Lyons v. Ocean Nat. Bank, 60 N. Y. 278. It was held in Alexander v. Cauldwell, 83 N. Y. 480, that one who deals with a corporation is chargeable with notice of the purpose for which it was formed, and one who deals with its officers and agents is bound to· know their powers and the extent of their authority. There is an entire absence of evidence that it was the custom and practice of the defendant to pay withdrawals contrary to its rules. The plaintiff knew, or, at least, he was bound to know, that the articles which he signed constituted a contract between him and the association and its individual members, and that none of its provisions could be disregarded by any of its officers.

The plaintiff also contends that, after he became a member of the association, section 2 of article 14 was amended, by adding thereto that "all withdrawals except in full should be paid from deposits on stock made prior to the beginning of the quarter in which notice of withdrawal is filed," and that this amendment was made without his knowledge or consent, and therefore he is not bound by it. The plaintiff, when he joined the association, assented to all lawful amendments to the articles which might thereafter be legally enacted. Section 2 of the Laws of 1851 provides that the articles of building associations organized under said act shall provide the manner of altering or amending the articles of association, and such other provisions as shall be necessary for the convenient and effectual transaction of the business thereof, provided that the same

shall not in any respect conflict with the constitution or laws of .this state. Section 1 of article 18 provides that the defendant's articles of association may be amended·by giving proper notice to the members, providing, also, that the proposed amendments shall be approved by a majority of the board of directors and ratified by the votes of two-thirds of its members at a regular meeting thereof. It appears, therefore, that the members of the association had the right .to amend its articles, subject, however, to certain limitations men- .tioned in the act under which the defendant was incorporated. It has been held that a private corporation has no right to repeal a by-law so as to impair rights that have become vested by virtue of the by-laws, although the same is reserved by charter to alter, amend, or repeal its by-laws. Kent v. Mining Co., 78 N. Y. 159. End. Bldg. Ass'ns, § 278. It seems to me that this amendment does not vio- .late any rule of law, or infringe upon the plaintiff's vested rights, secured by contract with the defendant. There was no evidence introduced upon the trial showing, or even tending to show, that this .amendment was in the least prejudicial to the plaintiff, and there is no contention but what it was regularly and legally adopted. Assuming that the plaintiff was not bound by the amendment, I do not see how he can maintain this action, even under the articles that were in force at the time he became a member of the association, for the reason that there was no money in the treasury at the time this action was commenced applicable to the payment of his claim. The evidence fails to show that the plaintiff was prejudiced in any.respect by this amendment. It is a rule that one who enjoys and reaps a pecuniary benefit of membership in a corporation, under its constitution and by-laws, is estopped from disputing their validity when they are sought to be enforced against him. I am of the opinion that this action was prematurely brought, and the complaint, therefore, must be dismissed, but without costs.