JOHN S. SCHANTZ, Appellant, *v.* WALTER G. OAKMAN et al., Respondents, Impleaded with Another.

1. PARTNERSHIP NOT CREATED BY AGREEMENT TO FORM CORPORATION. An agreement to form a company or corporation does not constitute the parties thereto partners, whatever the relation, in the event of a successful termination; if the scheme proves abortive, the parties are remitted to their former situation.

2. ACTION FOR AN ACCOUNTING MUST BE BASED UPON AN AGENCY OR TRUST IN REGARD TO MONEY OR PROPERTY. Transactions between parties which will warrant one in holding the other accountable for his acts must possess the elements of agency and of a trust reposed, with respect

to moneys or other property received, and the defendant in such an action must appear to have been intrusted with property of the plaintiff, and in consequence to have become bound to reveal his dealings with it.

3. COMPLAINT IN ACTION FOR ACCOUNTING, WHEN DEMURRABLE. A complaint in an equitable action for an accounting, alleging, in substance, that plaintiff entered into an agreement with certain defendants to effect a union of their interests in certain street railway companies by the formation of a new corporation, the stock of which was to be divided between them in specified proportions, that defendants abandoned the scheme and the corporation was never organized, and that defendants subsequently combined with others and transferred their properties at great profit to a similar corporation, which they had formed, and demanding an accounting of such subsequent transactions, and that plaintiff be paid a share of such profits equal to the interest he was to have received in the first-mentioned corporation, is demurrable, as not stating facts sufficient to constitute a cause of action, since, if proved, they would not establish between the parties a partnership with its consequent liabilities, and even if deemed to create mutual and confidential relations between parties having a joint interest in the result of an adventure, in the absence of allegations that any profits were made while they were working in combination or that defendants had been intrusted with any of plaintiff's moneys or properties, they could not be required to account.

*Schantz* v. *Oakman*, 10 App. Div. 151, affirmed.

(Argued April 5, 1900; decided May 15, 1900.)

APPEAL from a final judgment of the Supreme Court dismissing the complaint, entered January 6, 1897, upon an order of the Appellate Division of the Supreme Court in the first judicial department affirming an interlocutory judgment of Special Term sustaining demurrers to the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John McCrone* for appellant. The agreement between plaintiff and Oakman and Ryan is sufficiently alleged. It bound them as *quasi* partners to the prosecution of an enterprise for the consolidating into one company of certain street railway properties in Milwaukee. (*Marston* v. *Gould*, 69 N. Y. 224; Parsons on Part. §§ 9, 41, 51; Parsons on Const. [7th ed.] § 147; *Chapman* v. *Devereux*, 32 Vt. 616.) Plaintiff and Oakman and Ryan had a community of interests and were jointly bound. Their relations were mutual and con-

fidential, and created the same rights and duties as existed between partners. (Pom. Eq. Juris. § 409; *Marston* v. *Gould,* 69 N. Y. 220; 1 Collyer on Part. §§ 128, 132; *Duncomb* v. *N. Y., H. & N. R. R. Co.,* 84 N. Y. 198; *Long* v. *Majestre,* 1 Johns. Ch. 305; *Hichens* v. *Congreve,* 1 R. & M. 156; *Faucett* v. *Whitehouse,* 1 R. & M. 132; *Yeoman* v. *Lasley,* 40 Ohio St. 190–200; *Hulett* v. *Fairbanks,* 40 Ohio St. 233; *Glassington* v. *Thwaites,* 1 S. & S. 133.) The agreement was an executed agreement, and was so considered by the parties. (17 Am. & Eng. Ency. of Law, 905.) The allegations of a pleading must be liberally construed, and on a demurrer it must be assumed that the facts stated in a complaint, as well as such as may by fair and reasonable intendment be implied from the allegations made are true. (Code Civ. Pro. § 519; *Milliken* v. *W. U. Tel. Co.,* 110 N. Y. 403; *Sanders* v. *Soutter,* 126 N. Y. 198; *Coatsworth* v. *L. V. R. R. Co.,* 156 N. Y. 451; *Greeff* v. *E. L. A. Society,* 160 N. Y. 19; *Partridge* v. *Badger,* 25 Barb. 146; *People ex rel.* v. *Bd. of Suprs.,* 65 N. Y. 303; *People ex rel.* v. *Crennan,* 141 N. Y. 244; *Hale* v. *O. Nat. Bank,* 49 N. Y. 626; *Sage* v. *Culver,* 147 N. Y. 241.) Plaintiff is entitled to an accounting by Oakman and Ryan, and to have an adjustment of the profits made by them, on the basis of the agreement. (*Marston* v. *Gould,* 69 N. Y. 220; *Moritz* v. *Peebles,* 4 E. D. Smith, 135; *Somerville* v. *Mackay,* 16 Ves. 382; Story on Part. § 667; 1 Collyer on Part. [6th ed.] 259; *Burton* v. *Wookey,* M. & G. 307; *Mitchell* v. *Reed,* 61 N. Y. 134; *Stoughton* v. *Lynch.* 1 Johns. Ch. 467; *Long* v. *Majestre,* 1 Johns. Ch. 305.)

*H. L. Stimson* and *S. B. Clarke* for Walter G. Oakman and Thomas F. Ryan, respondents. The whole theory of the plaintiff's action is erroneous. Even if there had been a partnership between the plaintiff and the defendants Oakman and Ryan, he could not have brought the present action. (*Powell* v. *Maguire,* 43 Cal. 11; *Salter* v. *Ham,* 31 N. Y. 326; *Davis* v. *Key,* 123 U. S. 79; *Hyer* v. *R. T. Co.,* 168 U. S.

471; *Bagley* v. *Smith*, 10 N. Y. 489.) No partnership ever existed between plaintiff and Oakman and Ryan, nor any other relation which could give plaintiff any right to an accounting. (*Hamilton* v. *Smith*, 5 Jur. [N. S.] 32; *Sylvester* v. *M' Cuaigh*, 28 U. C. 443; *Capper's Case*, 1 Simons [N. S.], 178; *Norris* v. *Cottle*, 2 H. L. Cas. 647; *Hutton* v. *Thompson*, 3 H. L. Cas. 161; *Bright* v. *Hutton*, 3 H. L. Cas. 348; *Rutherford* v. *Hill*, 22 Oreg. 218; *Ward* v. *Brigham*, 127 Mass. 25; Alger on Promoters, § 233.) Plaintiff has no cause of action of any kind arising out of the alleged agreement of October 16, 1889. (*Kittinger* v. *B. T. Co.*, 160 N. Y. 377.)

*Lloyd McK. Garrison* for Henry Villard, respondent. The contract alleged in the complaint never became operative, because the proposed Consolidated Company never existed. (*Ellerman* v. *C. J. Rys., etc., Co.*, 23 Atl. Rep. 287; *Martin* v. *Murphy*, 129 Ind. 464; *Davies* v. *Lowen*, 64 L. T. Rep. 655; *Urmston* v. *Whitelegg*, 55 J. P. 453.) Plaintiff cannot bind the defendant by inconsistent allegations of fact, or conclusions of law not supported by pleaded facts. Such inconsistencies of pleading must be construed most strictly against the pleader. (*Bogardus* v. *N. Y. L. Ins. Co.*, 101 N. Y. 328; *Bonnell* v. *Griswold*, 68 N. Y. 294; *B. C. Inst.* v. *Bitter*, 87 N. Y. 256; *Clark* v. *Dillon*, 97 N. Y. 373; *Nat. City Bank* v. *Westcott*, 118 N. Y. 474; *Moores* v. *Lehman*, 20 J. & S. 286.) It must appear on the face of the complaint that all causes of action set out therein are not only embraced within the categories of section 484 of the Code, but that they are consistent with each other and affect all the parties to the action. (Code Civ. Pro. § 484; *Nichols* v. *Drew*, 94 N. Y. 26; *Bonnell* v. *Griswold*, 68 N. Y. 294; *Paxton* v. *Patterson*, 26 Abb. [N. C.] 390; *Stanton* v. *M. P. Ry. Co.*, 15 Civ. Pro. Rep. 298; *Earle* v. *Scott*, 50 How. Pr. 506; *Keep* v. *Kaufman*, 56 N. Y. 332; *Wiles* v. *Suydam*, 64 N. Y. 173; *House* v. *Cooper*, 16 How. Pr. 292; *Paulson* v. *Van Steenburgh*, 65 How. Pr. 342.) A demurrer to a complaint upon the ground that it

does not state facts sufficient to constitute a cause of action should be sustained, if the facts stated in the complaint do not entitle the plaintiff to the relief specifically demanded therein, even though they would have entitled him to some other or different relief had he demanded it. ( *V. M. & C. L. Co.* v. *Oettinger*, 88 Hun, 85 ; Code Civ. Pro. § 1207 ; *Swart* v. *Boughton*, 35 Hun, 281 ; *Willis* v. *Fairchild*, 19 J. & S. 412 ; *Corrigan* v. *C. I. J. Club*, 2 Misc. Rep. 512 ; *Tucker* v. *M. Ry. Co.* 78 Hun, 439.)

Gray, J.   One of the grounds of the demurrer to the complaint was that it did not state facts sufficient to constitute a cause of action and that has been approved by the courts below and from a final judgment entered in favor of the defendants the plaintiff has now appealed to this court.

It appears from the complaint that, on October 16th, 1889, the plaintiff, possessing an option for the purchase of a majority of the capital stock of certain street railway companies in the city of Milwaukee, Wisconsin, of which the Milwaukee Cable Railway Company was one, entered into an agreement with the defendants, Oakman and Ryan, who held a majority of the capital stock of the Milwaukee City Railroad Company and controlled its affairs, and who were desirous, by a union of interest, to form a new company, to be known as the Consolidated Company ; the object of the agreement being alleged to be " the promotion of the interests of the Consolidated Company." Its consideration was described to be, " the mutual covenants and agreements to do and to refrain from doing the things and acts therein specified." It provided that the plaintiff was to deliver the entire capital stock of the cable company to the Consolidated Company. Other provisions are referred to, which provide for certain things to be done upon the formation of the Consolidated Company and that of its capital stock four-fifths should be issued to its stockholders and to the City Railroad Company and one-fifth to the plaintiff and his associates. The agreement itself is not exhibited and all we know of it is from the allegations of the complaint, which

have been referred to, and it is not alleged that it contained any agreement on the part of the defendants, Oakman and Ryan, to form the Consolidated Company. The complaint proceeds to show that the provision bearing upon the cable company, by reason of the condition of its business and affairs, was not carried out, but was varied by the plaintiff and his associates, as he alleges, in furtherance of the agreement. It is not alleged, however, that the assent of the defendants, Oakman and Ryan, was had to that; although it is stated that the difficulties of the cable company were understood by them and that the plaintiff's performance of the agreement and the delivery of the cable company's stock were dependent upon such changes and delay as were required by reason thereof. The complaint then charges that while arrangements were in progress by the plaintiff, as he says, "in .the interest of the Consolidated Company," a combination was made between the defendants Oakman and Ryan and the defendants Villard and Payne for "the purchase and sale, or consolidation, of street railway companies in the City of Milwaukee," or of the city and cable railway companies, or for the formation of companies to take over and operate street railway companies in Milwaukee and that they "thereby joined themselves together as partners by a joint contribution of capital, or labor, for the purpose of such business, etc.," which was in violation, on the part of Oakman and Ryan, of their said agreement with the plaintiff. It is alleged that this combination was for the purpose of forming the North American Company, a corporation designed to own the capital stock of railways throughout the United States and to operate them ; that it was formed with a large capital stock and with Ryan and Villard as the principal officers ; that thereupon the defendants Oakman and Ryan ceased and refused to co-operate with the plaintiff "in the business of promoting the interests of said Consolidated Company" and "did not at any time form or organize the said Consolidated Company as they had agreed with this plaintiff to do." The plaintiff then sets forth arrangements between the defendants Oakman and Ryan and the defendant Villard,

which resulted in the formation of a company called "The Milwaukee Street Railway Company of Wisconsin;" to which were transferred the common stock, property and franchises of the Milwaukee City Railroad Company and alleges that, as a consequence of the combination between these parties and of their transactions, the defendants received large gains or profits.

Other acts and transactions of the defendants are alleged in furtherance of the purpose of their combination, from which large profits accrued to them. The complaint alleges that the plaintiff, or the plaintiff and his associates, did all that the agreement required on their part " except in so far as anything * * * was rendered impossible of performance by the acts of the defendants Oakman and Ryan;" that the defendants Oakman and Ryan by their acts deprived the plaintiff of his rights and benefits under the agreement between them and that they, by having engaged in the business of consolidating street railways in the city of Milwaukee, in combination with the defendants Villard and Payne, "in violation of their said agreement with the plaintiff for the formation of the Consolidated Company in combination with him," have acquired great gains and profits.

Judgment is prayed for an accounting as to all the transactions of the defendants, and each of them, and as to the moneys received and paid out by them respectively in relation to the business prosecuted by all of the defendants in combination; to the end that the amount received by the defendants Oakman and Ryan may be ascertained; that that amount be decreed the property of the defendants Oakman and Ryan and of this plaintiff jointly and that therefrom the plaintiff be paid a share equal to the interest which he was to receive in the Consolidated Company.

A fuller analysis of the complaint has been made in the learned opinions of the courts below and sufficient reference has been made to it here. It appears that it was, at one time, intended and agreed, as between the plaintiff and the defendants Oakman and Ryan, that they were to effect a union of their interests in certain street railway companies and, there-

upon, to form a new corporation, possessed of certain resultant rights and properties; of whose capital stock the plaintiff and his associates were to receive one-fifth.   This new corporation was never formed and the complaint of the plaintiff is that Oakman and Ryan violated their agreement with him by failing, or refusing, to carry it out and that, because of this breach on their part and of their subsequent acts, they have become accountable to him for the profits resulting from their combination with the defendants Villard and Payne for purposes similar to those involved in their agreement with him.   It is the claim of the appellant that his agreement with Oakman and Ryan bound them as *quasi* partners to the prosecution of the enterprise contemplated and that relations of a mutual and confidential nature were created.

The allegations of the complaint, however, fall far short of establishing that any such relations were created between them. With all the force which is to be given to the demurrer, as an admission of the truth of the facts which are properly stated, the construction placed by the plaintiff upon the agreement, or the correctness of the inferences drawn by him from admitted facts, are not to be deemed admitted.   (*Bogardus* v. *N. Y. Life Ins. Co.*, 101 N. Y. 328.)   The contract in this case, for some reason, is not exhibited in its entirety and as to the provisions which are described, it is for the court to discover and to construe the relations and the obligations of the parties.   With all the liberality of construction, with which we are to read a pleading, the absence of those requirements which are fundamental to the constitution of a cause of action cannot be overlooked.   The plaintiff has framed his complaint in equity and if his theory, that there existed between him and Oakman and Ryan, as the result of their agreement, a relation in the nature of a partnership, were borne out by the facts pleaded, his action might lie.   But the insuperable difficulty is that the complaint fails to show that any such relation was created.   It does not allege a partnership and all that it showed was that the parties united in a scheme for the purpose of accomplishing something in the future, in the organi-

zation of the " Consolidated Company ; " in which event the plaintiff would become entitled to a proportion of the capital stock of that corporation.   Meanwhile, however, the parties were, on their several parts, acting, possibly or presumably, in the interest of the scheme, and it does not appear that the defendants Oakman and Ryan were intrusted with any of the plaintiff's moneys or property, for which they would be accountable to him.   Not only was the plan embryonic, but it appears that the plaintiff found himself unable, by reason of the involved condition of the cable company's affairs, to perform as he had agreed.   It is remarkable that it does not appear that the defendants Oakman and Ryan bound themselves to form the Consolidated Company; although there is this allegation, that they " did not at any time form or organize the said Consolidated Company, as they had agreed to do." But, as it was justly remarked by the learned judge at Special Term, that was " the mere conclusion of the pleader."   No provision of the contract had been alleged as containing such an agreement.   The plaintiff's own performance of his part of the agreement, relating to the delivery of the cable company stock, was alleged to be purely contingent and dependent upon changes, which the condition of the cable company might render necessary.   Altogether, it is a very extraordinary claim, which the plaintiff predicates upon the agreement he describes in his pleading.   A joint adventure between persons for the business of purchasing or selling property may create a *quasi* partnership relation, which will subject him to the responsibility to account to whom, or by whom, property has been intrusted, or received.   Those, however, who engage in the formation of a company or corporation, are not partners, whatever their relations in the event of a successful termination.   If the scheme prove abortive, the parties to it, certainly, are remitted to their former situation.   ( *West Point Foundry Association* v. *Brown,* 3 Edw. Ch. 284; *Hamilton* v. *Smith,* 5 Jurist, N. S. 32; and see *Walstab* v. *Spottiswoode,* 15 M. & W. 501, 515.)   Transactions between parties, which will warrant one in holding

the other accountable for his acts, must possess the elements of agency and of a trust reposed, with respect to moneys or other property received. The defendant, in such an action, must appear to have been intrusted with property of the plaintiff and, in consequence, to have become bound to reveal his dealings with it. (*Marvin* v. *Brooks*, 94 N. Y. 71.) It is not, of course, essential to the right to an accounting that a legal partnership exist. If the persons stood in a mutual and confidential relation to each other and had a joint interest in the result of an adventure, either may demand an accounting, with a view to ascertain the profit or loss and their respective rights. ·(*Marston* v. *Gould*, 69 N. Y. 220.) But here it is not shown that any profits were made, while Oakman and Ryan were working in combination with the plaintiff; nor that they had any of his moneys, or properties. If we might say, with respect to the purpose and object of their agreement, that there resulted, to that extent, relations of a mutual and confidential nature, that would not aid the plaintiff's case; for that fact must be followed by proof of money or property intrusted to the defendants, which imposed upon them the burden of accounting. (*Marvin* v. *Brooks, supra.*)

The allegation as to the profits made by Oakman and Ryan relates to their combination and adventure with Villard and Payne, after the plaintiff's relations with the former were broken off. The appellant's argument is that as Oakman and Ryan were partners with him, any profits made by them in their other business, constituted a violation of their contract, and they may be compelled to account for them to him. As I have endeavored to point out, there were lacking the essential facts upon which the intention to form a partnership might be legally predicated· and not being, in any sense, a partner with Oakman and Ryan, the plaintiff is without the slightest standing to demand an accounting as to their transactions with Villard and Payne.

If the plaintiff had any remedy against the defendants Oak· man and Ryan, it was by way of an action at law for any damages, which he might be able to prove to have been occa-

sioned to him through the breach of their agreement with him. He had no cause of action for equitable relief and that is the only one stated in his complaint.

With respect to the defendant Villard, no cause of action whatever is made out. Being made a party and the judgment prayed for requiring that he account as to all his transactions and dealings, in connection with his enterprise with Oakman and Ryan, he was justified in appearing and defending.

I think the case was well decided below and that the judgment should be affirmed, with costs to the defendants Oakman and Ryan and to the defendant Villard.

PARKER, Ch. J., O'BRIEN, HAIGHT, LANDON, CULLEN and WERNER, JJ., concur.

Judgment affirmed.