### RIVELSON v. SILVERSTEIN et al.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

ACCOUNTING—COMPLAINT—SUFFICIENCY—FAILURE TO STATE CAUSE OF ACTION.

    A complaint alleging that defendant partnership agreed that they were indebted to plaintiff in a certain amount, and promised to pay that amount if the business of defendant was conducted without loss, and that plaintiff has demanded an accounting, to show whether such business has been conducted at a loss, and praying for an accounting, does not aver a contract to pay, or a breach thereof, nor show the existence of any partnership or fiduciary relation entitling plaintiff to an accounting, and does not state a cause of action.

Appeal from special term, New York county.

Action by Adolph Rivelson against Joshua Silverstein and others. From a judgment in favor of defendants, plaintiff appeals. Reversed.

The fifth, sixth, seventh, and eighth paragraphs of the complaint are as follows: "(5) That on said 8th day of November, 1900, it was agreed by and between the plaintiff, on the one hand, and the defendants herein, jointly and separately, on the other, that the defendants should retain in their custody and care the said sum of $1,000 by them owing to the plaintiff, and that the said sum should be repaid to the plaintiff herein in the event that the business of the Bradford Importing & Trading Company, the defendants herein, was conducted without a loss, and that in the event of such loss it was further agreed between the plaintiff and the defendants herein that the plaintiff herein was to sustain twenty-five per cent. (25 per cent.) of any loss which was sustained by said company, due to the failure of the said Bradford Importing & Trading Company to collect certain accounts of the said Bradford Importing & Trading Company. (6) That the plaintiff herein has demanded of the defendants herein an accounting to show whether the business of the said Bradford Importing & Trading Company had been conducted at a loss, and whether, if there was such loss, such loss was sustained by reason of the failure of any of the debtors above mentioned to pay their just indebtedness to the said Bradford Importing & Trading Company. (7) That the defendants herein have refused to the plaintiff herein a just, true, and accurate account of the standing of the said Bradford Importing & Trading Company. (8) That by reason of the foregoing the plaintiff herein is unable to determine how much of said $1,000, if any, is justly due to him from the defendants."

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

William J. Barr, for appellant.

Chas. G. F. Wahle, for respondents.

HATCH, J.  This action was brought to obtain an accounting of the business of the Bradford Importing & Trading Company, one of the defendants, and for a judgment against all defendants for such sum as shall be found due on such accounting, and for such other or further relief as to the court shall seem just.  The defendants demurred to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action, which demurrer was overruled, and from the interlocutory judgment entered thereon this appeal is taken.

We are of opinion that the judgment appealed from should be reversed, and an interlocutory judgment directed sustaining the demurrer.  The complaint is fatally lacking in averment of facts which show the plaintiff entitled to any relief.  In substance and effect, it only avers conclusions of fact and law.  There are no averments of fact showing either partnership, agency, fiduciary relation, or trust reposed in the defendants with respect to the money alleged to have been left with them; nor is there any averment showing a contract or agreement of any kind, or a breach thereof.  Giving the plaintiff the benefit of every just and reasonable inference to be drawn from the whole statement of the complaint, no cause of action for an accounting is averred.  Schantz v. Oakman, 163 N. Y. 148, 57 N. E. 288.  The complaint in the case cited was much more complete in its attempted averment of a cause of action than is the complaint in the case at bar, and yet it was held defective.

It follows that the interlocutory judgment should be reversed, with costs, and judgment entered sustaining the demurrer, with costs, with leave to the plaintiff to plead over within 20 days, on payment of costs in this court and in the court below.  All concur.