### RONCA v. NEW YORK BUILDING LOAN BANKING CO.

(Supreme Court, Appellate Term. November 18, 1903.)

1. BUILDING AND LOAN ASSOCIATION—DUES—WITHDRAWAL—ACTION—PROOF.
    Where the certificate of a member of a building association, together with the by-laws thereof, provide that a member may withdraw dues paid thereon, but that not more than one-half of the dues received in any month shall be applied to the demands of withdrawing members without the directors' consent, a member seeking to recover dues must show that the fund exists out of which the dues are payable, as provided by the certificate and by-laws.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Giovanni Ronca against the New York Building Loan Banking Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Edward Hassett, for appellant.
Palmieri & Wechsler, for respondent.

BLANCHARD, J. This action is brought by the plaintiff to recover the amount of certain deposits made by him with the defendant company, as a shareholder therein. The said deposits were in the nature of dues paid by the plaintiff upon a certificate of stock which he received from the company upon becoming a shareholder. The certificate contains the following clause:

"The money paid as dues on this certificate may be withdrawn at any time, subject to the provisions contained in the articles of association and bylaws of the corporation and the regulations adopted thereunder."

The articles of association contained the following provisions:

"Art. 47. At no time shall more than one half of the monthly dues received in any one month be applied to the demands of withdrawing members without the consent of the board of directors."
"Art. 77. The liability of this corporation to its shareholders shall be governed by article 47."

The plaintiff has brought this action as for money absolutely due. He has mistaken his proper cause of action. He should have alleged and proved that the fund exists out of which the dues are payable, as provided by article 47. The burden of proof was upon him to prove this. However conflicting the authorities may have been on this point, the law seems to have been well settled in this state by Pawlick v. Homestead Loan Ass'n, 15 Misc. Rep. 427, 37 N. Y. Supp. 164, following Texas Homestead Building & Loan Ass'n v. Kerr (Tex. Sup.) 13 S. W. 1020, which was cited and approved in Engelhardt v. Fifth Ward Loan Ass'n, 148 N. Y. 285, 42 N. E. 710, 35 L. R. A. 289. We question the propriety of counsel for the respondent citing Engelhardt v. Fifth Ward Loan Ass'n (Super. Buff.) 25 N. Y. Supp. 835, as an authority, after the same had been reversed by the Court of Appeals in 148 N. Y. 285, 42 N. E. 710, 35 L. R. A. 289.

Judgment appealed from should be reversed and new trial ordered; costs to appellant to abide event. All concur.