MIERS v. COLUMBIA MUT. BUILDING & LOAN ASS'N et al.

(Circuit Court, S. D. New York. November 29, 1907.)

BUILDING AND LOAN ASSOCIATIONS—INSOLVENCY—RIGHT OF WITHDRAWING MEMBER TO PRIORITY.

Under the by-laws of a building and loan association, which permitted members to withdraw the amounts paid in by them on notice, but provided that not more than one-half of the amount paid in by shareholders in any month should be applicable to the payment of withdrawals, such provision was a qualification of the liability of the association to withdrawing members; and a member, by giving notice of withdrawal some time before the appointment of receivers in insolvency for the association, acquired no right to priority of payment over other shareholders, where up to the time of the receivership the association had received no funds applicable to the payment of his claim under such provision.

In Equity. On exceptions to report of special master.

Strasbourger, Weil, Eschwege & Schallek (Max L. Schallek, of counsel), for claimant.

Russell & Winslow (William Hepburn Russell and Frank H. Waggoner, of counsel), for receivers.

HAZEL, District Judge. The master in chancery has correctly passed upon the objections of the claimant, and his report must be confirmed. The right of a stockholder in a building and loan association to withdraw his installment shares is derived from its by-laws or statute. The by-laws of the respondent association give a member the right to withdraw at any time after one year upon giving 30 days' notice in writing to the secretary, and thereupon such withdrawing shareholder becomes entitled to receive the full amount paid to the association on his shares, together with interest, less his proportion of the expenses and losses, except that the association was not bound to apply more than one-half of the monthly dues received in any month to the demand of withdrawing members without the consent of the board of directors. At the time that claimant formally withdrew as a member many prior applications of membership withdrawals were on file and unpaid, amounting in the aggregate to $27,146.76. Following the date of his withdrawal, and before the appointment of the receivers herein, the respondent had paid on account of prior withdrawals the sum of $11,223.46, or one-half of the monthly payments by shareholders during such time, leaving a balance unpaid on such prior withdrawals of $15,923.30. Proceedings for the appointment of receivers were instituted on March 3, 1902, and prior thereto, on March 14, 1901, claimant's application for withdrawal had been accepted by the board of directors. The record shows that the general creditors of the association have been paid, and there remains for distribution among the stockholders, whose shares aggregate $226,572.91, about the sum of $80,000.

The claimant contends that, assuming the solvency of the association at the time his withdrawal application was accepted, he is entitled to preferential payment; his status from that time being that of a creditor. The contention ignores the qualification of the liability

of the association contained in the by-laws that not more than "one-half the monthly dues received in any month" shall be applied to the payment of withdrawing members. In Engelhardt v. Fifth Ward Loan Association, 148 N. Y. 281, 42 N. E. 710, 35 L. R. A. 289, the by-laws contained a provision to the effect that the dues paid by retiring members "will be refunded to them when the necessary funds are collected"; and the court held that such provision operated as a qualification of the liability of the association to withdrawing shareholders. This enunciated principle is fundamental, and applicable in this case. It is clear that at the time of the appointment of the receivers the claimant was not in a position to legally enforce the payment of his shares against the respondent. No legal rights inured to him until there were available funds in the treasury of the association applicable to his demands. Precedents for this holding are abundant. Rabbitt v. Wilcoxen, 103 Iowa, 35, 72 N. W. 306, 38 L. R. A. 183, 64 Am. St. Rep. 152; Heinbokel v. National S. L. & B. Ass'n, 58 Minn. 340, 59 N. W. 1050, 25 L. R. A. 215, 49 Am. St. Rep. 519; Pawlick v. Homestead Loan Ass'n, 15 Misc. Rep. (N. Y.) 427, 37 N. Y. Supp. 164; Ft. Smith Building Association v. Cohn, 75 Ark. 497, 87 S. W. 1172.

It is true that in some of the cases cited by the master the involved associations were insolvent, and in others they had ceased to do business and were unable to repay the dues paid by the withdrawing members; but, even assuming that the evidence in this case does not strictly disclose the insolvency of the respondent at the period of the withdrawal notice in suit, the claimant was nevertheless required to prove that available funds were in the possession of the respondent to meet the repayment demanded at the time of the appointment of the receivers. Heinbokel v. Association, supra; Rabbitt v. Wilcoxen, supra. By the acceptance of the withdrawal notice the claimant was relieved from his obligation to continue payments upon his shares; but I do not think that he obtained thereby priority over other members of the association in the distribution of the funds in the hands of the receivers. This manifestly would seem to be the proper rule; for, if it were otherwise, astute shareholders could easily jeopardize the beneficial purposes of the association and obtain an unjust advantage over those of a more confiding nature.

The report of the master is affirmed, with costs.