KENEFICK v. CO-OPERATIVE BUILDING BANK.

(Supreme Court, Special Term, New York County.   March 24, 1909.)

1. BUILDING AND LOAN ASSOCIATIONS (§ 41*) — WITHDRAWAL OF MEMBER—ACCOUNTING.

A member of a building association, who gives notice of withdrawal, but who fails to show that he has paid to the association any part of the agreed monthly sums, is not entitled to an accounting on the theory of the existence of a partnership between him and the association, created by compliance with his agreement to make monthly payments.

[Ed. Note.—For other cases, see Building and Loan Associations, Dec. Dig. § 41.*]

2. BUILDING AND LOAN ASSOCIATIONS (§ 41*) — WITHDRAWAL OF MEMBER—ACCOUNTING.

A member of a building association, who gives notice of withdrawal, is not entitled to an accounting merely because he is unable to state the amount claimed to have been deducted by the association for actual expenses, since the remedy at law is adequate.

[Ed. Note.—For other cases, see Building and Loan Associations, Dec. Dig. § 41.*]

3. BUILDING AND LOAN ASSOCIATIONS (§ 41*) — WITHDRAWAL OF MEMBER—ACCOUNTING.

A member of a building association, who gives notice of withdrawal, but who fails to show that the association has been intrusted with any of his money, is not entitled to an accounting on the theory of the existence of a fiduciary relation between him and the association.

[Ed. Note.—For other cases, see Building and Loan Associations, Dec. Dig. § 41.*]

Action by Mary E. Kenefick against the Co-operative Building Bank. Demurrer to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action, sustained.

Harold A. Callan, for plaintiff.

Lexow, Mackellar & Wells (Clarence Lexow and Martin A. Schenck, of counsel), for defendant.

GIEGERICH, J.   The action is for an accounting, and is brought by an alleged shareholder of the defendant, which company, it is averred, was organized under chapter 122, p. 234, of the Laws of 1851, entitled "An act for the incorporation of building, mutual loan and accumulating funds associations," the provisions of which act have since been incorporated in article 5 of the banking law (Laws 1892, p. 1913, c. 689, as amended by Laws 1894, p. 1760, c. 705).   The complaint alleges that on or about the 15th day of September, 1899, the plaintiff became a shareholder of the defendant, and, further, "that the plaintiff. as such shareholder, subscribed for 10 shares of the monthly installment stock of the defendant at $100 per share, known as 'installment

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

shares,' for which shares the plaintiff agreed to pay on account of each share so subscribed for the sum of 75 cents monthly until the said shares of stock were fully paid, unless the plaintiff withdrew as a shareholder of the said defendant." The complaint further alleges: That the articles of association provide for the withdrawal of members and "that not more than one-third of the cash receipts of the bank shall be paid out upon withdrawals in any one week, except by vote of the board of directors. Should the applications for withdrawal exceed that amount they shall be numbered and paid in order as received." That the plaintiff gave notice of withdrawal on or about April 23, 1907, which notice was duly numbered in accordance with said provision. That one-third of the weekly cash receipts of the defendant since the filing of notice of withdrawal have been more than sufficient to pay the withdrawal value of the shares of the plaintiff and all others who had given notice of their intention to withdraw prior to the notice given by plaintiff. That the defendant "claims to and has deducted, from the one-third of the weekly cash receipts, expenses and charges not properly chargeable against the said one-third of the cash receipts, and claims that only one-third of the net cash receipts after the deduction is applicable to withdrawing members." That the plaintiff is unable to state the exact amount claimed to have been deducted as aforesaid, and that it is necessary that an accounting be had between the plaintiff and the defendant. The prayer for relief is that an accounting be had as to the weekly cash receipts of the defendant since the filing of the notice of withdrawal, and the number of unpaid withdrawals filed prior to the plaintiff's notice, and that the defendant be ordered to pay to the plaintiff the value of his stock at the time of such notice of withdrawal, and such other sums as shall be found to be due to the plaintiff upon such accounting.

The defendant has demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. Although the complaint alleges that the plaintiff became a stockholder on or about the 15th day of September, 1899, it fails to state that she is such at the present time. Neither can it by reasonable and fair intendment be implied from the allegations of the complaint that she ever paid any part of the sums she so agreed to pay monthly, as above stated. Until such payment is shown, the relation between the plaintiff and the defendant could not partake of the character of a partnership (West Point Foundry Ass'n v. Brown, 3 Edw. Ch. 284; Schantz v. Oakman, 163 N. Y. 148, 156, 57 N. E. 288), which, according to some authorities, is created when the terms and conditions of an association like the one in suit are complied with by a member (Pawlick v. Homestead Loan Ass'n, 15 Misc. Rep. 427, 431, 37 N. Y. Supp. 164; In re Assigned Estate of Nat. Sav. Loan & Bldg. Ass'n, 9 Wkly. Notes Cas. [Pa.] 79, 80; Christian's Appeal, 102 Pa. 187). While such a relation might sustain an action for an accounting (Marston v. Gould, 69 N. Y. 220, 225; Schantz v. Oakman, supra), this complaint wholly fails to show the existence of such relation. The Court of Appeals, in Marvin v. Brooks, 94 N. Y. 71, 80, in speaking of an equitable jurisdiction to grant an accounting, said:

"The best-considered review of the authorities puts the equitable jurisdiction upon three grounds, viz.: The complicated character of the accounts, the need of a discovery, and the existence of a fiduciary or trust relation. The necessity for a resort to equity for the first two reasons is now very slight, if it can be said to exist at all, since a court of law can send to a referee a long account, too complicated for the handling of a jury, and furnishes, by an examination of the adverse party before trial and the production and deposit of books and papers, almost as complete a means of discovery as could be furnished by a court of equity."

The above remarks respecting the need of a discovery apply with equal force to the present case, where, as seen, an accounting is sought upon the ground that the plaintiff is unable to state the exact amount claimed to have been deducted from the one-third of the weekly receipts of the defendant since the filing of the notice of withdrawal. Even if it had been alleged that the defendant had money or property of the plaintiff for which it should account to her, the defendant would, under the circumstances, have been entitled to deduct from the moneys received the actual expenses of the defendant (Wolfe v. Conkey Ave., etc., Ass'n, 75 Hun, 201, 203, 27 N. Y. Supp. 44), and the information respecting such expenses could easily have been obtained, as above noted. The complaint, however, fails to show any payment of money by the plaintiff to the defendant, and, since it does not appear that the latter has been intrusted with money of the former, the plaintiff is not entitled to an accounting upon the third of the above-specified grounds (Schantz v. Oakman, supra), or, in fact, to any relief of any kind, either in law or in equity.

My conclusion is that the demurrer should be sustained, with costs, with leave to the plaintiff to amend within 20 days on payment of such costs.