GEORGE CASSIMATIS, Respondent, v. PANAGHIS D. MARCHESINI, Appellant.— In an action to recover damages for breach of an agreement under which plaintiff invested a sum of money in defendant's enterprises and was to receive a percentage of the gross profits therefrom, order denying defendant's motion to dismiss the complaint for failure to state facts sufficient to constitute a cause of action reversed on the law, with $10 costs and disbursements, and the motion granted, without costs, with leave to plaintiff to serve a new complaint, within ten days after entry of the order hereon, setting forth a cause of action at law for the alleged breach. The complaint fails to set forth facts from which it may be found that a relationship of mutual trust and responsibilities existed between the parties. (*Bialostok* v. *A. & M. Knitting Mills,* 272 App. Div. 936.) Johnston, Adel, Sneed and Wenzel, JJ., concur; Nolan, P. J., dissents and votes to affirm, with the following memorandum: In my opinion the complaint is sufficient, in that it alleges a relationship " of agency and of a trust reposed ", with respect to the money invested (*Schantz* v. *Oakman,* 163 N. Y. 148, 157). [See *post*, p. 1057.]

JAMES L. DELAY, Appellant, v. ROMAN CATHOLIC CHURCH OF ST. PAUL et al., Respondents.— In an action against the Roman Catholic Church of St. Paul, the owner of the building in which the alleged accident occurred, and against Thales Co., Inc., the general contractor engaged by that owner to repair ornamental cornices in that building, brought by an employee of a subcontractor to recover for injuries sustained when, during progress of the work, an ornamental plaster cornice fell upon him, judgment was granted dismissing the complaint as to both the owner and the general contractor at the close of plaintiff's case. As to respondent Thales Co., Inc., judgment reversed upon the law and the facts and a new trial granted, with costs to appellant to abide the event. As to respondent the Roman Catholic Church of St. Paul, judgment unanimously affirmed, with costs. In our opinion the proof adduced made out a prima facie case against respondent Thales Co., Inc., which had contracted to repair the ornamental plaster; but did not constitute a prima facie case against the owner, who had so contracted for the repair thereof. (*Kowalsky* v. *Conreco Co.,* 264 N. Y. 125; *Mullin* v. *Genesee County Elec. Light, Power & Gas Co.,* 202 N. Y. 275.) Nolan, P. J., Carswell, Johnston, Sneed and Wenzel, JJ., concur.

LUIS DI FABRIZZIO et al., Respondents, v. EDWARD D. CLARITY, Appellant.— Action to recover damages for the alleged unauthorized use by defendant of photographs of plaintiffs and their daughter, taken by defendant while employed so to do by plaintiffs. Order directing examination of defendant and the production of records upon the examination, affirmed, with $10 costs and disbursements, the examination to proceed upon five days' notice. No opinion. Carswell, Acting P. J., Johnston, Adel, Sneed and Wenzel, JJ., concur.

STEPHEN FLORESON, Respondent, v. E. W. HOWELL Co., Appellant.— In an action against a third party to recover damages for personal injuries sustained by respondent during the course of his employment, order granting a trial preference on the ground of destitution affirmed, with $10 costs and disbursements. No opinion. Carswell, Acting P. J., Johnston, Adel, Sneed and Wenzel, JJ., concur.