Owen McGivern, J.
Motion by the corporate defendant to dismiss the complaint as to it for insufficiency is granted.
The complaint alleges an agreement of joint venture between plaintiff and the individual defendant for the writing of a book about the sinking of the “ Andrea Doria ” and the sharing of the proceeds thereof. It is further alleged that, after prolonged collaboration with plaintiff, the individual defendant wrote the book “ Collision Course ” and entered into a contract with the corporate defendant for the publication thereof on a royalty basis, without disclosing plaintiff’s collaboration and interest therein.
The prayer for relief is that both defendants be enjoined from publishing the book and be required to account to plaintiff for their profits from such publication.
This court feels that no reason is alleged for enjoining the publication, and no cause of action is alleged against the cor *552 porate defendant. It is not alleged that in entering into the publication agreement it acted with knowledge of plaintiff’s claims, or that it participated in its codefendant’s alleged tortious acts against plaintiff. If the allegations of the complaint are established, plaintiff may obtain full relief from the individual defendant, but he has no rights directly against the corporate defendant.
In Schantz v. Oakman (163 N. Y. 148,156-157 [1900]), it was said: ‘ ‘ Transactions between parties, which will warrant one in holding the other accountable for his acts, must possess the elements of agency and of a trust reposed, with respect to moneys or other property received.”
There are alleged herein no transactions between plaintiff and the corporate defendant, no agency relationship between them, no trust reposed by plaintiff in such defendant.
To hold that plaintiff may sue the corporate defendant herein would mean that any third party dealing with, and indebted to, a person, may be sued by everyone claiming to be a secret partner of, or joint venturer with, such person.
Skrod v. Martorella (273 App. Div. 848 [1st Dept., 1948]), relied on by plaintiff, is clearly distinguishable, for in that case the Appellate Division said that the defendants ‘ ‘ acted with full knowledge of the plaintiff’s rights”.