■ Peter L. Hochadel, Respondent, v. G. & H. Enterprises, Inc., Appellant, et al., Defendant.— Final judgment and order, and interlocutory judgment, insofar as they deny plaintiff's application to declare the quitclaim deed void, unanimously affirmed, and otherwise judgment and order, and interlocutory judgment unanimously reversed on the law and facts, and complaint dismissed as to both defendants on the merits, with costs to appellant. Memorandum: The real property in question was originally owned by a partnership consisting of the plaintiff and the individual defendant. When they decided to operate their business as a corporation they offered to transfer all assets of the partnership, including realty, to the corporation in exchange for all of its authorized stock. This offer was accepted and they received the shares of stock but, through an oversight, neglected to execute a deed of the realty to the corporation. Later, it was decided to set up a second corporation which was to hold title to the realty and receive rent from the first corporation. At this time, the oversight above referred to was discovered. On advice of counsel, the former partners decided to take a shortcut by executing quitclaim deeds from themselves individually, directly to the second corporation. At this point, while the former partners still held legal title to the realty, equitable title was in the first corporation; the agreement to exchange stock for the assets of the partnership amounted to an equitable conversion when the stock was actually issued. The first corporation transferred its equitable title to the second corporation and received consideration therefor in the form of a note which was later paid off. The equitable title merged with the legal title, in the second corporation upon execution and delivery of the quitclaim deeds. Upon receipt of the stock of the first corporation in exchange for the partnership assets, the former partners no longer had any interest in the realty in question aside from bare legal title, which as a practical matter, amounted to nothing. Under such circumstances, it was improper for the Official Referee to order an accounting of the rents and profits of the realty in question (*Schantz* v. *Oakman*, 163 N. Y. 148). As to the order of the Referee directing that the second corporation issue to the plaintiff and the individual defendant " their respective number of shares of stock of the value of $8,750.72 ", this was also erroneous. The $8,750.72 represents the amount paid by the second corporation to the first corporation for the realty in question. Section 69 of the Stock Corporation Law prohibits the issuance of stock except for a valuable consideration. Here, no consideration flowed from the individuals to the second

corporation. It is true that these two individuals were the sole stockholders of the first corporation which transferred the realty in question, which was an asset of the first corporation, not of its stockholders (see 11 N. Y. Jur., Corporations, § 320 and cases there cited). As has been mentioned above, this asset was sold to the second corporation for a valuable consideration and these individuals must look to the first corporation to obtain their share of that consideration. The Official Referee properly determined that the quitclaim deed running from plaintiff to the second corporation should not be set aside. However, those portions of the final judgment and order, and interlocutory judgment, which grant the accounting and direct that the plaintiff and individual defendant receive shares of stock in the second corporation should be reversed and the complaint dismissed as to both defendants. (Appeal by defendant G. & H. Enterprises, from interlocutory judgment and part of final judgment of Niagara Supreme Court adjudging plaintiff and defendant Good to be entitled upon demand to their respective shares of stock in defendant corporation, less shares already issued, and restraining disposal of stock until delivery of stock in question. The interlocutory judgment denied cancellation of a deed and directed defendants to account.) Present — Williams, P. J., Bastow, Goldman and Henry, JJ.