George Beisheim, Jr., J.
Plaintiff, the divorced wife of the defendant, has instituted an action for an accounting demanding that defendant account for and turn over to her one half of the net rents and profits of the former home owned hy the parties as tenants hy the entirety before their divorce and requiring the defendant to vacate one of the three apartments in said home occupied by him. The matter is presently before the court upon plaintiff’s motion for the appointment of a receiver of the property.
The complaint and plaintiff’s affidavit allege that the plaintiff procured a Mexican divorce decree against the defendant on October 19, 1967 in which plaintiff appeared in person and defendant by an attorney. The property in question —10 East Jefferson Street, White Plains, New York — contains three apartments, two of which are alleged to be rented for the approximate monthly rent of $425, and the third apartment is occupied by the defendant. The plaintiff alleges and defendant does not deny that the premises presently are owned by the plaintiff and defendant as tenants in common. Plaintiff further alleges that, after the parties were divorced, she did not oppose the def endant occupying one of the apartments in the premises upon his promise that he would vacate the same by June, 1970. Defendant did not admit that he agreed to vacate the premises on the date aforesaid, nor does he deny it, claiming that plaintiff has not produced proof of her contention, which defendant terms to be a “ conclusory allegation”. Defendant admits that he has been collecting the rents since the parties were divorced but neither confirms nor denies the approximate monthly rental figure stated by the plaintiff.
Defendant’s opposition to the motion for receiver is based upon two grounds. First, he claims that the court has no power to appoint a receiver in the present action. Second, he contends that plaintiff has not set forth any reason that the court should exercise its discretion and appoint a receiver, even if it had the power, in that plaintiff produced no “ evidence or showing for liability and propriety for the receiver, nor set clear or sufficient proof of any danger of loss or damages ”,
*527 The power of the court to appoint a receiver is prescribed in CPLR 6401 (subd. [a]), which reads in part as follows: “ Appointment of temporary receiver; joinder of moving party. Upon motion of a person having an apparent interest in property which is the subject of an action in the supreme or a county court, a temporary receiver of the property may be appointed, before or after service of summons and at any time prior to judgment, or during the pendency of an appeal, where there is danger that the property will be removed from the state, or lost, materially injured or destroyed.”
Defendant bases his claim that the court in this action has no power to appoint a receiver on the ground that “ The property in this proceeding is not the subject of the action, since both parties own an half interest in the property as tenants in common ”.
The court believes that the defendant has misread CPLR 6401 (subd. [a]). The property for which the receiver is sought are the rents and profits, and defendant does not deny that plaintiff has a claim for a part thereof. Plaintiff’s action is one for an accounting, which is a proceeding in equity. (4 Pomeroy, Equity Jurisprudence, § 1420; Schantz v. Oakman, 163 N. Y. 148; Marvin v. Brooks, 94 N. Y. 71.)
CPLR 6401 is derived from former Civil Practice Act (§ 974). Weinstein-Korn-Miller states that, as far as the inclusion of rents and profits, CPLR 6401 has not changed section 974 of the Civil Practice Act: “ The last paragraph of section 974 of the Civil Practice Act defined the term ‘ property,’ for purposes of a receivership, as including 1 rents, profits, or other income, and the increase, of real or personal property.’ The statement was intended to make it clear that a receivership extended to any increments in the property placed in the receiver’s custody. The Advisory Committee omitted this paragraph as unnecessary on the assumption that it would draft a single definition of 1 property ’ that would apply throughout the CPLR. The CPLR, as enacted, does not contain ,such a definition, however. There is no indication in any of the reports of either the Advisory Committee or the Legislature that the failure to include a definition of ‘ property ’ was intended to alter the effect of the last paragraph of former section 974 in any respect. Therefore, CPLR 6401 should be construed as permitting the appointment of a temporary receiver over any property that could have been the subject of a receivership under prior law.” (7A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 6401.11.)
In 127 A. L. R. 1229, it is stated: “In so far as concerns ‘ power, ’ in the strict sense, the cases leave no doubt that in a *528 suit in equity between cotenants or persons claiming successive interests in real or personal property the court has inherent power to appoint a receiver to preserve, pendente lite, the subject matter of the litigation. Furthermore, trial courts are ordinarily permitted to exercise that power with considerable discretion in determining whether, under particular circumstances, a receivership is reasonably required. ’ ’
While the court has found no New York case directly in point involving an accounting action brought by one tenant in common (or joint tenant) against another, the court is of the firm opinion that pursuant to former Civil Practice Act, section 974, now CPLR 6401, the law in New York is in accord with the summary in 127 A. L. R. 1229, and that this court has power to appoint a receiver in the case at bar.
This brings us to the second point raised by defendant as to whether under the facts in the case at bar the court in its discretion would be justified in exercising the power to appoint a receiver.
The unrefuted fact herein is that after the plaintiff and defendant were divorced on October 19, 1967, defendant occupied one of the rental units in the premises in question and collected and failed and refused to pay over to plaintiff her claimed share of one-half the rents despite the fact that plaintiff requested and demanded such payment a number of times. The plaintiff infers that the proceeds of the rents collected by defendant were being utilized to pay for a new home being built by defendant upon his remarriage, and in order that future rents will not be retained by defendant and lost to her a receiver should be appointed. Whether or not such a contention per ,se is sufficient to justify the court exercising its discretion in appointing a receiver, is not without doubt. There is no evidence before the court that the defendant is insolvent and that the plaintiff could not recover in her action for an accounting in which she asked for judgment in the amount of rents due her, whatever moneys, if any, the defendant improperly had withheld. On the other hand, the fact that defendant paid plaintiff nothing during a period approximating 3% years certainly seems to justify plaintiff’s serious concern in this matter. Moreover, there is one other factor involved, argued by neither the plaintiff nor the defendant, but which concerns the court.
Prior to plaintiff’s obtaining a Mexican divorce decree in which she appeared personally and the defendant appeared hy an attorney on October 19, 1967, the parties had entered into a separation agreement under date of October 9, 1967, a copy of which was handed up to the court by defendant, over plain *529 tiff’s objection, upon the oral argument of plaintiff’s motion for the appointment of a receiver. The separation agreement merged with and also survived the decree. In referring to the real property then owned by the plaintiff and defendant as tenants by the entirety, paragraph “ THIRD ” of the agreement provided, in part, as follows: 11 The parties hereto agree to convey said property so that each will have an undivided one-half (%) interest in said property and each of the parties hereto agrees that said portion of the property owned by them shall be held in trust, for the benefit of the daughter, to wit, dayma, and upon the death of either of said parties, then and in that event that portion of the deceased party shall become the property of the said daughter, dayma. The parties hereto agree to execute any and all necessary documents to effectuate the intent set forth herein.” The record does not reveal whether the aforesaid “ necessary documents ” were ever executed.
The foregoing provision is a most ambiguous one. The use of the phrase “ an undivided one-half interest ” seems to connote a joint tenancy (Purdy v. Hayt, 92 N. Y. 446) as distinguished from a tenancy in common, which latter type of tenancy is the one that it is assumed to be by both the plaintiff and defendant. This apparent inconsistency, however, does not necessarily affect the instant motion.
A more troublesome problem is created by the clause “ that ■said portion of the property owned by them shall he held, in trust, for the benefit of the daughter, to wit, dayma ”. (Italics mine.) The court does not construe the aforesaid clause at this time, but it appears that under one construction thereof, the net rents from the property should go to the daughter, Dayma, who, according to the separation agreement, was born on February 15,1957, making her now an infant a little under 15 years of age. Both plaintiff and defendant have ignored in the pleadings and in the papers submitted on the motion the question of the possible interest of Dayma in the rents and profits of the property, plaintiff claiming the separation agreement to be irrelevant and immaterial to the relief sought in her motion.
Under the foregoing circumstances, the court feels that a receiver should be appointed to collect the rents and profits until the issues in the accounting action, including the possible right of the daughter, Dayma, to said rents and profits, shall be tried.
The court, accordingly, grants the motion to appoint a receiver and directs further that the order herein contain a provision for the appointment of a guardian ad litem on behalf of the infant, Dayma, and giving him the right to intervene in the action to protect her rights, if any, therein.